JOHN P. RICHARDSON v. J. B. LEWIS ET AL.

(No. 3281.)

APPEAL from Hopkins County.   Opinion by WHITE, P. J.

LEACH & TEMPLETON, counsel for appellant.

No counsel appeared for appellee.

**§ 40.** *Fraudulent conveyance; charge on issue of must be applicable to the facts; case stated.* One Lake, being indebted to Richardson, sold him, through his (Richardson's) agent, a stock of goods in payment of the debt. Lake at the time was insolvent. Lewis, as constable, levied upon and sold a portion of the goods to satisfy an execution against Lake in favor of one Foscue. Richardson brought this suit against Lewis and the sureties on his bond for the value of the goods so seized, levied upon and sold. The issues in the case were: (1) Was there a *bona fide* sale of the goods by Lake to the agent of Richardson to pay off and discharge a debt owing by Lake to Richardson? And (2) was a fair price allowed Lake for the goods sold by him to the plaintiff, Richardson, in payment of said debt? The court erroneously gave in charge to the jury article 2465 of the Revised Statutes with regard to fraudulent sales and transfers, copying it in full, because the same is not applicable to the facts in the abstract manner presented, and was calculated to mislead, and doubtless did mislead, the jury as to the real issues in the case.

**§ 41.** *When creditor may receive property in payment of debt due by insolvent debtor.* "A creditor may receive payment of an honest debt in property of his debtor, though he may know at the time that the debtor's intent in making the payment is, and the necessary effect of his act will be, to place the property beyond the reach of other creditors." [Lewy v. Fischl, 65 Tex. 312.] "A creditor may, if he acts *bona fide*, and with the sole purpose of securing his debt, receive property from an insolvent debtor in payment of a debt due, if the transfer be openly made, and no more property be taken than may be reasonably required to discharge the debt, and this, although the creditor may know at the time of the transfer that he will prevent other creditors from enforcing their claims, and that the debtor is prompted in making such preference payment by motives of friend-

ship." [Greenleve v. Blum, 59 Tex. 124; Harness Co. v. Schoelkopf, 71 Tex. 418.] "To vitiate a sale, the intent of the seller must be to hinder, delay and defraud his creditors, and such intent cannot exist if the purpose be to appropriate the property or its proceeds at its fair value to the payment of one or more just debts in a manner satisfactory to the creditors to be paid." [Ellis v. Valentine, 65 Tex. 533.]

§ 42. *Purchaser; notice to; must be of an intent to hinder, delay, etc.* In so far as the purchaser is concerned, in order to bind or affect him with notice of a fraud sufficient to avoid his purchase upon the part of the seller, the "notice must be a notice of an intent on the part of the debtor to hinder, delay or defraud in the legal sense of those words." [Ellis v. Valentine, 65 Tex. 534. See, also, 3 Civil Cas. Ct. App., §§ 135, 210.] The charge to the jury in this case did not submit the law as announced above, and the court erroneously refused plaintiff's special requested instructions in so far as they conformed to the law.

December 12, 1889.        Reversed and remanded.