## J. W. DAVIS, ASSIGNEE, v. BEN. T. BEASON ET AL.

### No. 6566.

1. **Sale of Personal Property, when Complete.**—The general rule is that a sale is not completed while anything remains to be done to determine its quantity if the price depends on this, unless this is to be done by the buyer alone. But if the thing to be done is trifling, or but a mathematical computation, the rule does not apply.

2. **Case in Judgment.**—A creditor agreed with a debtor to buy his stock of merchandise. The terms of sale were agreed upon. An inventory of the goods and price of items was made out, actual possession taken, and acts of ownership asserted by the buyer. The formal conveyance by writing was postponed until the next day only for the purpose of computing the amount of the price; the excess over the creditor's debt was to be paid in money. *Held*, that the mere calculation which alone remained unperformed did not prevent the right of ownership passing.

3. **Sale in Fraud of Creditors.**—See facts held insufficient to avoid a sale made to a creditor who was to pay the excess over his claim to the debtor.

APPEAL from Llano. Tried below before Hon. A. W. Moursund.

Suit by appellant as assignee of W. P. Higdon, filed May 13, 1887, against appellee Ben. F. Beeson as sheriff of Llano County and his sureties on his official bond for $910 damages for illegal seizure of a stock of merchandise and some cattle and horses by appellee under a writ of sequestration from County Court of Llano County in case of Texas Trading Company v. W. P. Higdon. Appellant claimed that at time the sequestration was issued and levied Higdon had made an assignment to him and that he was in possession of the goods, etc., of which sheriff had notice. Appellee answered June 10, 1887, with a general denial, and asked that the Texas Trading Company be made defendant and for judgment over against the company on his indemnity bond. The trading company answered by general denial, and specially that prior to execution of deed of assignment by Higdon to Davis that Higdon sold the goods to them; that they recovered the goods of Higdon by suit, and pleaded the judgment in bar of this suit. Judgment for appellees, from which this appeal is prosecuted.

The evidence showed that prior to February 1, 1887, W. P. Higdon had a stock of goods and was conducting a mercantile business in the drug store of Mr. Du Bose, for whom he acted also as clerk.

He was on February 1, 1887, indebted to the Texas Trading Company, among others, in the sum of $534. He sold and conveyed his stock of goods, which amounted to about $564, and about $85 worth of cattle in payment of this debt to the Texas Trading Company. The terms of the sale agreed upon by Higdon, the owner, and Pearce, the agent for appellee, were that the property was to be taken by the latter in payment of the debt, and if upon adding up the inventory the amount exceeded the debt the excess was to be paid to Higdon. During the time the inventory was being taken goods were sold, which Pearce told Higdon to keep an account of. The inventory was completed about dark, but it was not

added up.  Pearce took it with him to the hotel to "foot up," with the understanding that he would get the goods in the morning, and if Du Bose, the owner of the building, charged rent he would pay it.  Pearce left the key with Higdon, because the drug store was in the same building and he was the clerk and there was but one key.  When Pearce returned in the morning with the invoice added up and to remove the goods, Higdon refused to let him do so; said he had made an assignment for the benefit of his creditors.

Pearce notified Higdon he would have recourse to legal proceedings, and had an attorney to bring suit in the County Court.  In this suit a writ of sequestration was sued out by appellee the Texas Trading Company, which was levied by appellee Beason, the sheriff, on the goods against appellant's protest, who then claimed the property under the assignment from Higdon.  It appears, however, that this suit, brought on February 2, 1887, was to foreclose a mortgage held by appellee on the property, which had been previously executed by Higdon to secure the debt which constituted the consideration for the sale of the goods, and was not as appellee intended it to be, a suit for the recovery of the goods by virtue of the sale made to the trading company by Higdon on February 1, 1887.  The assignment to appellant was executed and delivered at 11 a. m. on February 2, 1887. By amendment filed in May, 1887, in the suit in the County Court by the trading company the sale of the goods was alleged and the ownership claimed by it.  Judgment was rendered in that suit for appellee and no appeal was taken therefrom.  Such seem to be the material facts in the case.

The court found in substance that the excess in the value of the property sold over the debt due from Higdon to the purchaser was not enough to invalidate the sale in the absence of other evidence indicating that the sale was made to defraud Higdon's creditors, and that the transaction between Higdon and the Texas Trading Company through its agent Pearce was an absolute and completed sale and transfer of the goods before any assignment was made.  That appellant claiming under the assignment after suit was brought in the County Court by the appellee the trading company against Higdon, claiming the property, took the same *lis pendens.*  That the judgment in that suit in favor of the Texas Trading Company is conclusive as against appellant.

The assignments are subdivided, but we think may be grouped together and considered in one.  They are, that the court erred in holding that the sale was a completed sale and delivery of the property, because all had not been done which was agreed to be done; and in holding that appellant took said goods *lis pendens* and was concluded by the judgment of the County Court; and in holding that the excess in the value of the goods and property over the debt due appellee was not sufficient to avoid the sale.

[This statement accompanied the opinion.]

*W. T. Dalrymple*, for appellant.—1.   The sale of the goods by Higdon to Texas Trading Company was not complete for two reasons:

(1) All had not been done which was agreed to be done.

(2) There had been no delivery of the goods.

A sale is not complete while anything remains to be done which is contracted to be done.   Woods v. Half, 44 Texas, 636; 10 Texas, 220; Kelley v. Webb, 27 Texas, 368; Adoue v. Seeligson, 54 Texas; 593; Tennant v. Walker, Ct. App. C. C., secs. 78, 927, 1110; Pars. Mer. Law, 44; 1 Pars. on Con., 441; 2 Kent, 39, 492, 496; Story on Sales, sec. 296.

2.   The court erred in finding that the suit of the Texas Trading Company against Higdon was filed prior to the deed of assignment to appellant, and that appellant took the goods *lis pendens* and was barred by the judgment in that suit; because:

(1)   The original petition filed February 2, 1887, only sought to recover a debt and foreclose a void mortgage lien on the goods, and did not prevent Higdon from making an assignment.

(2)   The amended petition setting up an absolute sale of the property was not filed until long after the assignment of Higdon to appellant, and he not being a party to the suit was not estopped by the judgment.

(3)   The sale, if complete, was a fraud upon Higdon's creditors and void, and it was the duty of the assignee to protect them and hold the property.

If the suit of the Texas Trading Company against Higdon for debt and foreclosure of mortgage, filed February 2, 1887, was prior to the assignment by Higdon to the appellant made same day, and would have bound him, that suit was abandoned when the Trading Company filed its amended petition May 4, 1887, setting up a new cause of action, and appellant not being a party to the suit was not bound by the judgment therein.   Piggot v. Schram, 64 Texas, 447; 10 Texas, 74, 99; 45 Texas, 380; 22 Texas, 18, 22; 49 Texas, 380; 25 Texas, 320; 42 Texas, 152; 49 Texas, 525; Weathered v. Mays, 4 Texas, 388; Foster v. Wells, 4 Texas, 103; Woods v. Huffman, 64 Texas, 98.

3.   The excess in value of goods and other property which Higdon was to sell the trading company over its debt, and which excess was to be paid Higdon in cash, rendered such sale a fraud on other creditors, and such sale was void and the assignee could recover.   Laws 1879, p. 59, sec. 9; Greenleve, Block & Co. v. Blum, 59 Texas, 124; Seeligson v. Brown, 61 Texas, 180; Oppenheimer v. Half, 68 Texas, 409.

No brief for appellees.

HOBBY, JUDGE.—It will be seen from the foregoing statement that the salient questions involved and upon which the case turns are:   Was there an actual sale and delivery of the goods by W. P. Higdon to appellee

the Texas Trading Company at the time of the assignment made by him to appellant Davis of the same property? If not, the judgment is erroneous. But if this be affirmatively determined, then it becomes necessary to ascertain whether this was a fraudulent sale of the property. If so, the judgment would also be erroneous and should be reversed. If, however, in addition to an actual sale it is not shown to be in fraud of the rights of creditors of Higdon, the judgment is correct and it should be affirmed.

The only thing which it can be claimed with any degree of plausibility was agreed between the parties to be done and which was not done in order to complete the sale was the mathematical calculation necessary to ascertain the value or amount of the goods shown by the inventory. The price of each article had been arrived at and the inventory was taken by the buyer to his room at the hotel to be added up.

There had been the fullest exercise of ownership over the goods by appellee during the day, some of them having been sold by him to former customers of Higdon. The payment of the rent for the store in which they were had been assumed by appellee; and that the key was left with the seller was explained by the fact that he was the clerk of Du Bose, who carried on a drug store in the same building, and it might have become necessary for him to have access to these drugs and medicines at night.

The general rule is that a sale is not completed while anything remains to be done to determine its quantity if the price depends on this, unless this is to be done by the buyer alone. 1 Pars. on Con., p. 527. But if the thing to be done is trifling, or but a mathematical computation, the rule does not apply. So where trees had been sold at a price agreed on per cubic foot, and the trees had been marked and the cubical contents of each tree had been ascertained, it was held that the property passed to the purchaser, although the sum total of the cubical contents had not been ascertained. 1 Pars. on Con., p. 527 and note; 1 Benj. on Sales, sec. 379. Under this rule we do not think that the mere fact of appellee taking the inventory with him to add up and ascertain the sum total of the goods sold would bring this case within the class of cases where sales are held to be uncompleted by reason of something remaining to be done which was agreed upon between the parties to perfect the sale and pass the title.

The principal ground relied on as establishing a fraudulent conveyance of the property was that there was an excess in the value of the goods transferred above the amount of the debt due by the seller to the purchaser which was sufficient to invalidate the sale. The amount of the debt was $534. There was evidence showing the value of the goods to be $564. The stock of cattle was valued at $85. The excess shown by these figures reaches the sum of about $115. We would not be prepared to hold that this circumstance alone, under the facts of this case, would authorize the conclusion that the sale, which in all other respects appears to be fair, was fraudulent.

It is to be noticed, however, in this connection that the three or four head of stock referred to were at the time in the possession of appellant's son, who claimed that $56 was due him for their pasturage, and three-fourths of this property was left with him in payment of that amount. This reduces the actual excess in the value of the goods conveyed above the debt which was the consideration to the sum of $59. The excess was not in fact paid to Higdon, and there is no evidence tending to show that this excess was offered as an inducement to him to make the conveyance for the purpose of placing his property beyond the reach of his creditors. A larger sum in excess than this paid was held not to be sufficient to invaldiate a similar transfer of goods. Harness Co. v. Schoelkopf, 71 Texas, 423.

These being the decisive questions in the case, we have not thought it necessary to discuss the other assignments.

We think the judgment should be affirmed.

*Affirmed.*

Adopted June 10, 1890.