Tirrell v. Canada & Rice.

gation shall be null and void, otherwise remain in full force." The number of the cause was not endorsed on the bond.

The defendant filed a motion to dismiss the cause, because of the defects of the bond pointed to and embraced in the opinion.

*Thos. B. Greenwood,* for the defendant in error.

---

## ALFRED TIRRELL AND ANOTHER v. J. J. CANADA & WM. M. RICE.

Promissory notes and accounts in the hands of an agent for collection, and which are uncollected, are not the subjects of garnishment in a proceeding by attachment, or in a proceeding under the statute providing for the issuance of a writ of garnishment to satisfy a judgment against the owner of such *choses* in action.

Money which has been collected on such claims by the agent after the time of service on him of the writ of garnishment, and remaining in his hands when he makes his answer thereto, if the claim on which it was collected had not been assigned, is subject to the claim of the plaintiff in the proceeding, and was properly adjudged to him.

A *bona fide* assignment of an agent's receipt, executed by him to the owner of such claims for their collection, although made after the service on the agent of the writ of garnishment issued against the effects of the prin-

cipal, is valid; and the assignee interpleading as the claimant of sums of money collected on said claims since the assignment, and before and up to the time of the agent's answer to the writ, will be entitled to recover from the garnishee such sums of money.

APPEAL from Kaufman. Tried below before the Hon. R. A. Reeves.

The facts of the case are stated in the opinion.

The appellants, Tirrell & Co., assign the following grounds of error: .

1. That the decision of the court was against and contrary to the law and evidence.

2. That the court erred in not giving judgment for plaintiffs for the full amount of money acknowledged by defendant Canada to be in his possession belonging to S. G. Parsons.

3. The court erred in giving judgment in favor of Wm. M. Rice & Co., interpleaders.

*J. W. Ferris*, for the appellants.—It is assigned as error, that the judgment of the court is against the law and the evidence.

The statement of facts will show, that the transfer of Parson's receipt from Canada was made to Rice & Co. after service of the garnishment, and that the agent of Rice & Co. had notice of it a day or so before. And it is admitted in the plea of intervention (original and amended) by Rice & Co., that they took the receipt collaterally to collect the claims, and to apply the amount when collected as a credit on the judgment they held against Parsons. It is evident that Rice & Co. never intended to take the claims as a satisfaction or payment on their claim, but it was only to be such on the happening of a contingency.

A garnishment runs until the next succeeding term of the court; and though judgment cannot be taken against the garnishee for notes or other *choses* in action, yet judgment can be taken for any and all money he may collect from the date of service until he is called in to answer in Court. (Sayles' Practice, p. 238, and cases cited.) After service, and before return term, the garnishment attaches to all moneys that come into the hands of the garnishee belonging to the defendant in execution.

It is evident that the plaintiffs would be entitled to judgment as against Parsons for amount of money in hands of. garnishee at date of his answer. Is Rice & Co. in a better condition than Parsons would have been? They are not *bona fide* contractors for value. They purchased, or contracted, with full notice of the garnishment, and subject to the garnishment. They were knowingly assisting Parsons to hinder and delay these plaintiffs in the collection of their debt. "A purchaser of property with knowledge that the vendor is selling to hinder, delay, or defraud his creditors, although for a valuable consideration, is void as against creditors." (Walcott v. Brander, 10 T., 419; Edrington v. Rogers, 15 T., 188.) Are Rice & Co. in a better condition than a purchaser for value with notice? The insolvency of Parsons, the defendant in the execution, sufficiently appears from the fact of suing out the garnishment, and from the fact that Rice & Co. ordered the return of their execution in taking notes and papers for collection. The facts and circumstances show this to be a bold effort on the part of Parsons, after the garnishment was sued out and served, to defeat its object. It was done under the guise of preferring another creditor; but it seems to us that the rule allowing a debtor to prefer creditors could not properly be extended to directly defeat a judgment in a garnishment.

It seems to us that this may properly be viewed as a sale by Parsons *pendente lite.* These plaintiffs may be said to have held a lien on all the notes and effects in the possession of the garnishee, Canada, and entitled to judgment for all money which may have come to his hands from date of service until return term; and that any sale or transfer before the coming in of answer of garnishee is null and void. The plaintiffs ask, therefore, that said judgment be reversed, and that judgment in this court be rendered for full amount of money in hands of garnishee according to his answer.

BELL, J.—On the 26th day of November, 1858, the appellants recovered judgment against S. G. Parsons for the sum of five hundred and sixty-three dollars and seventeen cents. On the 20th of September, 1859, the attorney for the appellants made

the necessary affidavit to obtain a writ of garnishment against the appellee, J. J. Canada. We infer from the statement of facts and the pleadings that this writ of garnishment was served on Canada on the said 20th day of September, 1859. Canada answered the writ of garnishment, and stated in his answer that he had for collection as agent, on the day of the service of the writ, certain notes and accounts, which had been placed in his hands by S. G. Parsons, and for which he had executed receipts, in which he promised to account for the notes and accounts "to the receipts." Canada's answer stated that he had no money on hand belonging to said Parsons at the time the writ of garnishment was served on him; but that at the time of filing his answer he had collected the sum of two hundred and nineteen dollars and ninety-four cents, besides his commissions, which amount he then had in his possession. He also stated that since the service of the writ of garnishment on him, and before the collection of the money, he had been notified that his receipt to Parsons, embracing all the claims mentioned in his answer, except one for the sum of fifteen dollars and seventy-seven cents, had been transferred to Wm. M. Rice & Co.; and he prayed that said Rice & Co. be made parties, and that the court would determine to whom he should make payment of the money in his hands. Rice & Co. interpleaded; and upon the trial it was proved that the receipts of Canada to Parsons were transferred by Parsons to Wm. M. Rice & Co., on the 21st day of September, 1859; and that on the day before, (which was the same day on which the affidavit for the garnishment was filed,) the agent of Rice & Co., who received the transfer of the receipts, was informed by the sheriff of the county that the writ of garnishment had been sued out and served on the garnishee, Canada. The judgment of the appellants against Parsons was read in evidence. It was also shown that Rice & Co. had recovered a judgment at the Spring Term, 1859, againt S. G. Parsons for eleven hundred and two dollars and twenty-three cents, and the sheriff of the county had been instructed by the agent of Rice & Co. to return an execution which had issued on said judgment— the agent informing the sheriff that he had the receipts of Canada.

The cause was submitted to the court without a jury, and judg-

Tirrell v. Canada & Rice.

ment rendered for the appellants for fifteen dollars and seventy-seven cents, and for Rice & Co. for two hundred and three dollars and seventeen cents. The judgment does not exhaust the sum in the hands of the garnishee, but leaves one dollar not disposed of. This was doubtless an inadvertence not worthy of any consideration here.

We are of opinion that there is no error in the judgment of the court. The law is well settled, that one who has in his possession promissory notes or other *choses* in action of the defendant in attachment, or, as in this case, of the defendant in a judgment, cannot, in respect thereof, be charged as garnishee. (See Drake on Attachments, § 481, and the numerous cases cited in the note; Sayles' Practice, § 336.) In the present case the answer of the garnishee shows, that at the time of the service of the writ of garnishment on him, he had no money in his hands belonging to S. G. Parsons. He had only notes and accounts for collection. These notes and accounts were transferred by Parsons to Rice & Co., and Rice & Co. were entitled to receive from Canada the amounts collected by him upon the notes and accounts embraced in the receipts which had been transferred by Parsons to them. It was proper to give judgment in favor of Tirrell & Co. for the fifteen dollars and seventy cents, because that was money in the hands of the garnishee, at the time of his answer, belonging to Parsons, it being an amount not embraced in the receipts transferred by Parsons to Rice & Co.

The judgment of the court below is affirmed.

Judgment affirmed