J. Q. ADAMS v. W. N. WILLIAMS ET AL.

No. 3491. Decided February 28, 1923.

(248 S. W., 673.)

**1.—Note—Transfer—Evidence.**

Testimony by the payee of promissory notes and by the alleged transferee that the same had been transferred by the former to the latter, whether by written indorsement or by delivery only not being shown and the notes themselves not being offered in evidence, was sufficient to constitute *prima-facie* proof of such transfer, on the issue of innocent purchaser. Regular indorsement by the payee was not necessary prior to the Negotiable Instruments Act of 1919, and parol transfer was sufficient. (pp. 475, 476).

**2.—Same—Pleading.**

It seems that no proof of transfer of notes was required where the fact of such transfer was alleged by the pleadings of both plaintiff and defendant. (pp. 475, 476).

**3.—Note—Fraud—Innocent Purchaser—Consideration.**

The transfer by a debtor of secured notes in exchange for his own unsecured notes held by the assignee was upon a consideration deemed valuable in law within the meaning of article 3967, Revised Statutes, concerning transfers of their property by debtors. (p. 477).

**4.—Same.**

It seems that a debtor has a right to prefer one creditor to others by transferring his property in payment, though the effect be to hinder and delay the others in collection. The intent to defraud, inhibited by the statute, can not exist where the purpose of the transfer, is to pay a just debt. (pp. 476, 477).

**5.—Innocent Purchaser—Conveyance—Record of Title.**

The surrender, by the assignee of notes secured by vendor's lien, of notes and indebtedness owing the assignee by the assignor, constituted a sufficient consideration to vest title to the notes and lien so purchased in the assignee, as against a lien fixed by service of garnishment on the payee at suit of a creditor of the original payor. (pp. 477, 478).

**6.—Same.**

It seems also that the transfer of notes secured by vendor's lien carried with them, as incident to the debt, the lien, but no title or possessory right to the land requiring registration to protect the holder against an attaching creditor, and that article 6824, Revised Statutes, has no application. The service of a writ of garnishment against the payor of notes at suit of a creditor of the original payee impounded only such debt as he owed the latter, and this whether the garnishing creditor had notice of the assignment of the notes to another or not. (pp. 477, 478).

**7.—Will—Trusts—Judgment Creditors.**

W. and his wife being judgment debtors, a sister of the wife devised her property in trust to W., with power to sell and convey, and to use the property and its proceeds solely for the use and benefit of the wife, but entirely subject to his discretion as to the manner and extent of the aid to her therefrom. *Held,* that such will did not have the effect to vest title to the property therein devised in either W. or his wife in such a manner as to render it or any part of it subject to execution for the payment of the judgment against them. (pp. 478-483).

**8.—Trust Estate—Debts of Trustee.**

Property belonging to a trust estate in the hands of a trustee, in which property such trustee has no personal interest, is not subject to seizure and sale for his personal debts. A bequest of a house and lot to a husband in trust for his wife, to be occupied as their home until such time as he judged it advisable to sell same for her benefit, was merely one of the ways in which the trustee in his discretion might apply the property to her welfare, and conferred on him no interest subject to execution sale for his debts. (pp. 480, 481).

**9.—Will—Trust—Life Interest—Remainder.**

A testator may devise property in trust for a beneficiary during life, with title over to others to such portion of the trust estate as remained in the trustee's hands unexpended at the death of the beneficiary. (p. 481).

**10.—Will—Devise in Trust.**

The owner of property had an absolute right to dispose of it by will as she saw fit and to put upon the title thereto and the right to use and appropriate it such limitations, not violative of law or public policy, as she deemed proper.

It being a mere gratuity from her to the beneficiary, who paid nothing therefor to the prejudice of creditors, such testator could devise title, control, and right of deposition, to a trustee, with discretion as to the manner of use of property or proceeds for the beneficiary, in such way (after the manner of spendthrift trusts) that neither the property nor proceeds should be liable to execution on a judgment against the beneficiary. See will held to have this effect. (pp. 481-483).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for their opinion thereon, here adopts same as its answer to the questions.

*Sam. J. Hunter,* for appellant.

The burden of proof was on Sarah E. Cooper's executor to establish, by a preponderance of the evidence, that she was the legal owner of the said two vendor's lien notes at the time Adams served the writs of garnishment on her and on Renick. Said notes being personal property belonging and payable to W. N. Williams, in order to pass the title to Mrs. Cooper as against Adams' writs of garnishment, the evidence should clearly establish (1) that *Williams transferred said notes in writing to Mrs. Cooper and actually delivered them to her,* and (2) that she kept and retained them in her possession, or (3) if they were never actually delivered to her or if she delivered them back to Williams, (4) that she duly recorded the transfer of same in the office of the clerk of the county court of Tarrant County, before said writs of garnishment were sued out and served. There being no competent evidence of such written transfer and delivery, and no evidence whatever of the registration of such transfer, no title passed, in law to her, as against Adams' writs of garnishment, the court should have rendered judgment in favor of the plaintiff for the proceeds of said notes upon his motion for judgment *non obstante,* upon the statute of frauds and of registration. 3 Vernon's Civil Statutes, Art. 3967; 4 Vernon's Civil Stat. Art's. 6824, 6790, 6823; Moran v. Wheeler, 87 Texas, 179; Grace v. Wade, 45 Texas, 522; Linn v. LeCompte, 47 Texas, 440; McKamey v. Thorp, 61 Texas, 648; Parker v. Coop, 60 Texas, 111; Wright v. Lassiter, 71 Texas, 640; Blum Co. v. Harbin, 33 S. W., 153; Brown & Co. v. Chancellor, 61 Texas, 437.

Although Sarah E. Cooper may have been in all respects, an innocent *bona fide* purchaser of said notes, without any notice, actual or constructive of the fraudulent intent of the said Williams to cheat, hinder and delay his creditors by the sale and transfer of said notes to her, yet, if she paid the said Williams for said notes with a preexisting indebtedness she held against him for loaned money, she would not in law or equity, be a *bona fide* innocent purchaser of said notes *for value,* and the court, if the evidence at the trial pre-

ponderated to establish that she paid said Williams for said notes, with his preexisting indebtedness to her, should have rendered judgment for the plaintiff, for the proceeds of said notes so held in the registry of his court, and credited same on his judgment *pro tanto,* as prayed for in plaintiff's motion for judgment, notwithstanding the findings of the jury to the contrary.   Pride v. Whitfield, 51 S. W., 1101; Swanson v. Seale, 28 S. W., 143; Moody v. Martin, 117 S. W., 1017; Wooten Gro. Co. v. Lubbock St. Bank, 215 S. W., 835; Drumm Com. Co. v. Core, 105 S. W., 843; 2 Pomeroy, Eq., 4th Ed., Secs. 747, 748, 749.

By the will of Sarah E. Cooper and by the true interpretation thereof the title to lots 14 and 15 in block No. 10 passed to W. N. Williams absolutely in fee simple without limitation in trust over to any other person and the orginal attachment sued out by plaintiff and levied by the sheriff of Montague County upon said lots as the property of W. N. Williams and M. E. Williams against both of whom plaintiff had filed his suit on his Oklahoma judgment and recovered against both of them in this case fixed a lien upon said lots which the court should have foreclosed and awarded an order of sale.   Feegles v. Slaughter, 182 S. W., 10; Irvine v. Putnam, 89 S. W., 520, (Ky.); Martin v. Foskett, 189 Mass., 368; Bank v. Burns, 199 S. W., 292; Kessner v. Phillips, 189 Mo., 525; Hunting v. Jones, 183 S. W., 858; Lacy v. Floyd, 99 Texas, 118; Calder v. Davidson, 59 S. W., 301; Pearce v. Carrington, 124 S. W., 469; Pearce v. Pearce, 104 Texas, 73; Clay v. Chenault, 55 S. W., 729, (Ky.); Bank v. Billings, 129 N. Y. Supp., 846; Howard v. Carusi, 109 U. S., 725; Moran v. Moran, 106, N. W., 206, 5 L. R. A. (N. S.), 323, and note 12; Rose's notes (Revised Edition) on U. S. Reports, on Howard v. Carusi, p. 207, 208, 209; 2 Alexander on Wills, Secs. 94 to 95 inclusive; Sparhawk v. Cleon, 125 Mass., 263; Seay v. Cockrell, 102 Texas, 280; Reeder v. Antrim, 112 N. E., 551; Art. 1106, Vernon's Stats.

The burden of proof was on defendant, Sarah E. Cooper, on all of said assignments to prove that Williams' transfer to her, if there was such a transfer, of said two notes, was not fraudulent, but was a bona fide transaction for a valuable consideration fully paid, and that, at the time of said transfer, if any, actual possesion of the notes passed from the hands of Williams into the hands of Sarah E. Cooper, and remained in the hands of Sarah E. Cooper up to and at the time plaintiff's writs of garnishment were served on Renick and Mrs. Cooper; or, if possession did not pass into her hands at the time of written transfer, if any, then said transfer should have been duly registered in the office of the county clerk of Tarrant County, in the record of deeds, otherwise Sarah E. Cooper was not an actual bona fide owner and holder of said notes, and no title

passed to said notes from Williams to her, as against the writs of garnishment served by the plaintiff in this case.

*Penry & Penry,* for appellees.

The will of Sarah E. Cooper, deceased, introduced in evidence by the plaintiff, created a trust estate with W. N. Williams as Trustee, for the benefit of the defendant M. E. Williams during her life, with remainder over to other sisters of the testator, no part of the said trust estate could be subjected to the payment of the debts of either the Trustee or the said M. E. Williams by any process of the court. Hoffman v. Rose, 217 S. W., 424.

The fact that all parties alleged "in their pleadings that the notes in controversy here were transferred by the defendant Williams to the defendant Cooper", as set out in the first question certified, for this Court to answer same would be a work of supererogation, since the transfer being admitted by all was proved not only prima facie, but absolutely.

We most respectfully submit to the Court that the right of a testator or a donor to devise or convey property in trust for the exclusive benefit of the object of special solicitude or affection has never been held by any Court to have arisen out of a necessity to protect a married woman against improvident control on the part of her husband as did arise the departure from the common law rule prohibiting a married woman holding what was termed separate property, whereby Courts of equity created a new estate unknown to the common law in favor of and for the protection of married women. The rule upon which we rely in this case was clearly stated by Judge Gould in the case of Wallace against Campbell, 53 Texas, 229, 234. This decision is based for authority upon Nichols against Eaton, 1 Otto, U. S., 727, 23 L. Ed. 254, and authorities there cited. The rule thus established has been the rule in Texas ever since and has been declared in numerous cases since the Act of 1913 with reference to rights of married women and notably in the case of Hoffman versus Rose, 217 S. W., 424.

We also call attention to the language of Judge Brown in Lanius v. Fletcher, 100 Texas, 550, as being significant and appropriate for consideration in construing this will.

We would also respectfully call this Court's attention to the very exhaustive review of authorities by Judge Denman in the case of Chase v. York County Savings Bank, 89 Texas, 316.

MR. PRESIDING JUDGE GALLAGHER delivered the opinion of the Commission of Appeals, Section A.

This case is before us on questions certified to the Supreme Court by the Honorable Court of Civil Appeals for the Second District.

The parties are designated as in the trial court. The certificate sets out the facts hereinafter recited.

J. Q. Adams, on the 15th day of April, 1918, instituted suit in the District Court of Tarrant County against W. N. Williams and his wife, M. E. Williams, to recover on a judgment in the sum of $2,242.50, with interest and costs, which judgment he had theretofore recovered against them in the State of Oklahoma. He alleged that during the pendency of said suit in the State of Oklahoma the defendants sold certain lands in Tarrant County, Texas, and received as a part of the consideration therefor two certain promissory vendor's lien notes for the sum of $800.00 each, executed by their vendee and payable to the order of W. N. Williams; that their said vendee resold the property to one Renick who assumed the payment of said notes and that both said Renick and said original vendee were entitled to protection as innocent purchasers for value without notice; that defendants transferred said two notes to Mrs. Sarah E. Cooper and that she took said notes as assignee thereof without paying any valuable consideration therefor and with notice that defendants intended, in transferring the same, to defraud plaintiff and other creditors, and that she joined in said intent.

Mrs. Cooper was a widow. She was made a party defendant. Writs of garnishment were sued out by plaintiff and served on her and on said Renick to subject the money due on said notes to plaintiff's debt. Said Renick deposited the amount due on said notes with the clerk of the court to abide the final disposition of the case.

The defendants denied said allegations of fraud and alleged that said notes were transferred to Mrs. Cooper for a valuable consideration without notice on her part of any fraudulent purpose therein. Mrs. Cooper died before the trial, leaving a will which was duly probated, in which W. N. Williams was named as executor and trustee and in which said Mrs. M. E. Williams was made principal beneficiary with devise over to others of any of the estate of testatrix which might be on hand at her death. The provisions of this will will be set out more fully hereafter. Both plaintiff and defendants amended their pleadings after the death of Mrs. Cooper and asked for relief appropriate to the changed situation resulting from her death. Other facts contained in said certificate will be set out hereafter.

The case was submitted to a jury on special issues in response to which they found in substance that said transfer of said notes was an actual bona fide transaction and that Mrs. Cooper parted with a valuable consideration therefor; that said transfer was not made for the purpose of placing the same in Mrs. Cooper's name and hands to cover the same up, or to defraud creditors; that defendant, Williams, did not make said transfer with intent to beat or defraud his creditors and that Mrs. Cooper did not know of any fraudulent intent on his part at the time.

Judgment was rendered on the verdict in favor of plaintiff against both Williams and his wife for the debt sued for but denying plaintiff the right to subject the proceeds of said notes, or any other property belonging to Mrs. Cooper's estate to the payment of said judgment.

Plaintiff appealed. Pending consideration of said appeal said court certified to the Supreme Court for determination the following questions:—

"1. Did the testimony of W. N. Williams and Mrs. Sarah E. Cooper, to the effect that the notes in controversy had been transferred by the former to the latter, constitute prima facie proof of such transfer as a matter of law, in the absence of the introduction by the defendants of the notes themselves? Neither of said witnesses testified how the transfer was made, whether by written endorsement or by delivery only, and all parties alleged that said transfer was in fact made. This question is certified at the special request of counsel for appellant."

"2. Did the surrender by Mrs. Cooper of two unsecured notes held by her against W. N. Williams, in consideration of the transfer to her of the two notes in controversy, constitute a consideration deemed valuable in law within the meaning of article 3967?"

"3. Would the surrender of those two notes be a sufficient consideration to vest title to the two notes in controversy in Sarah E. Cooper under the registration statute, article 6824, as against the lien fixed by service of the writ of garnishment mentioned?"

"4. Did the will of Mrs. Sarah E. Cooper have the effect to vest title to the property therein devised in such a manner as to render it, or any part of it, subject to execution for the payment of plaintiff's former judgment against either W. N. Williams or Mrs. M. E. Williams?"

The two vendor's lien notes above referred to were not put in evidence. It does not appear whether they were indorsed by the payee at or prior to the time of transfer or not. The testimony showed that they were placed in the hands of an attorney for collection by Williams before Mrs. Cooper's death. Both plaintiff and defendants alleged affirmatively in their pleadings that said notes were transferred by Williams to Mrs. Cooper.

In the state of the pleadings it was not necessary for either party to prove the transfer of said notes. While the consideration for such transfer and the purpose which actuated the parties in making the same were in issue, both parties to the suit admitted in their pleadings that a transfer was in fact made. Both parties to the transaction testified that a transfer was in fact made. Ogden v. Bosse, 86 Texas, 336, 344, 24 S. W., 798; Houston, E. & W. T. Ry. Co. v. DeWalt, 96 Texas, 121, 134, 97 Am. St., 877, 70 S. W., 531. It was

not necessary to show that the notes were regularly indorsed by the payee to sustain defendants' plea of innocent purchaser. This transaction occurred before the passage of the Negotiable Instruments Act by the Legislature in 1919. Under the law as it existed at that time the form of the transfer, and whether written or verbal, was immaterial. A parol transfer was sufficient, other necessary conditions existing, to entitle the transferee to protection as an innocent holder. Word v. Ellwood, 90 Texas, 130-131, 37 S. W., 414; National Bank of Commerce v. Kenney, 98 Texas, 293, 299, 83 S. W., 368.

We answer the first question certified as follows:—

1. In the state of the record as above shown, the testimony of said witnesses to the effect that the notes in controversy had been transferred from Williams to Mrs. Cooper constituted prima facie proof of said transfer, notwithstanding said notes were not introduced in evidence.

After the sale of the land above referred to, neither Williams nor his wife had any property in this State subject to execution, nor so far as the record shows, any credits subject to garnishment. Williams was indebted to Mrs. Cooper at the time in the principal sum of $1650.00 exclusive of interest, and such indebtedness was evidenced by two unsecured promissory notes. While collection of said notes could not have been enforced by law, it seems Williams was abundently able to pay the same. It also appears that Williams did not intend to pay plaintiff's debt unless he was forced to do so. The consideration for the transfer by Williams to Mrs. Cooper of the two vendor's lien notes was the surrender by her to him of his said two notes to her and the extinguishment of the debt evidenced thereby.

The substance of Article 3966 of the Revised Statutes so far as applicable to the facts under consideration in this case is that every assignment or transfer of personal estate with intent to hinder, delay or defraud creditors from what they are, or might be lawfully entitled to, shall as to such creditors be void. Said article further provides that the title of a purchaser for a valuable consideration without notice of a fraudulent intent on the part of his grantor shall not be affected thereby.

Article 3967 of said statutes so far as applicable, provides in substance that every assignment or transfer made by a debtor which is not upon consideration deemed valuable in law, shall be void as to prior creditors unless it appears that such debtor was then possessed of property within this State subject to execution sufficient to pay his existing debts.

It is settled law in this State that a creditor may receive payment of an honest debt in property of his debtor though he may know at the time that the debtor's intent in making the payment is to pre-

fer him and to place the property beyond the reach of other creditors, provided that no more property is taken than is reasonably necessary to pay his debt. Every payment of a debt by an insolvent, whether the payment be made in money or property, tends in a popular sense, to hinder, delay or defraud other creditors in the collection of their respective debts. In the absence of a law declaring preferences invalid, every debtor has the legal right to pay one or more of his just debts with any money or property he has. The intent to hinder, delay or defraud creditors in the sense inhibited by above statutes cannot exist when the purpose and effect of the transfer of property is to apply it at its fair value to the satisfaction of a just debt and it is so received by the debtor. Ellis v. Valentine & Son, 65 Texas, 532, 546-8; Lewy & Co. v. Fischl, 65 Texas, 311, 321; Greenleve, Block & Co. v. Blum, 59 Texas, 124, 126-7; Peters Sad. & Harness Company v. Schoelpkopf & Co., 71 Texas, 418, 422-3, 9 S. W., 336; Schneider v. Sansom, 62 Texas, 201, 203, 50 Am. R., 521; Sweeny v. Conley, 71 Texas, 543, 546, 9 S. W., 548; Hamberg v. Wood & Co., 66 Texas, 168, 175, 18 S. W., 623. The distinction in such cases between a creditor and a purchaser is distinctly recognized. Lewy & Co. v. Fischl, *supra;* Greenleve, Block & Co., v. Blum, *supra.*

There is no contention that the two vendor's lien notes in controversy were not negotiable nor that the transfer of the same to Mrs. Cooper was after maturity. The jury found that Mrs. Cooper did not at the time she received the transfer of said notes know of any fraudulent intent on the part of Williams in making the same. She received them in satisfaction of an indebtedness slightly in excess of the amount of the same which Williams owed to her and surrendered to him his notes evidencing the indebtedness so discharged. The taking in good faith of a negotiable promissory note in payment of, or as a credit on, a preexisting debt is a taking in due course of business and the person so taking the same is a bona fide holder for value. Herman v. Gunter, 83 Texas, 66, 69, 29 Am. St., 632, 18 S. W., 428; Heffron v. Cunningham, 76 Texas, 312, 18-19, 13 S. W., 259; Blum v. Loggins, 53 Texas, 121, 136; Gaston v. Campbell Company, 104 Texas, 576, 582, 140 S. W., 770, 141 S. W., 515; Greneaux v. Wheeler, 6 Texas, 515, 527-8; 2 R. C. L., p. 1057.

In view of the authorities above cited, we answer the second question certified as follows:—

2. The surrender of said two unsecured notes held by Mrs. Cooper against Williams in consideration of the transfer to her of the two vendor's lien notes in controversy constituted a consideration deemed valuable in law within the meaning of Article 3967 of the Revised Statutes.

There having been under the facts certified, a valid assignment of the two vendor's lien notes in controversy to Mrs. Cooper, the lien

securing the same and the right to enforce such lien by foreclosure upon the land and the sale thereof, if necessary, passed to her with the debt evidenced by said notes. Such lien was but an incident to the debt and followed it into her hands by operation of law. She did not, however, by said assignment, acquire any title to the land nor possessory right thereto. Russell v. Kirkbride, 62 Texas, 455, 456; Hamblen v. Folts, 70 Texas, 132, 135, 7 S. W., 834.

After such assignment Renick owed the debt evidenced by said notes to Mrs. Cooper and not to Williams. The service of a writ of garnishment impounds only such debt or debts as the garnishee in fact owes to the defendant in garnishment at the time. It does not impound debts owed by the garnishee, which, prior to the service of the writ, have passed by valid assignment from the defendant to another. This is true, whether the garnishing creditor has any notice of the assignment or not. Article 6824 of our Registration Statutes has no application to the assignment of promissory notes as such. Tirrell v. Canada, 25 Texas, 455; Smih v. Texas & P. Ry. Co., 39 S. W., 969, 971-2; Amarillo Natl. Bank v. Panhandle Tel. & Tel. Co., 169 S. W., 1091, 1092; Moran v. Wheeler, 87 Texas, 179, 183, 27 S. W., 54.

Said Article does apply to transactions in which the title to land is involved. In such cases where the record shows the existence of a vendor's, or other, lien, all persons dealing with such land are charged with notice thereof. If the record shows a valid release from the record owner of the lien, such persons, acting in good faith without notice to the contrary, have a right to rely thereon and they will be protected in so relying. Moran v. Wheeler, 87 Texas, 179, 183-4, 27 S. W., 54.

We, therefore, answer the third question certified, as follows:

3. The surrender of said two notes by Mrs. Cooper to Williams was a sufficient consideration to vest title to the two notes in controversy in her and to authorize her to enforce the lien securing the same, and such right was not affected by the provisions of said article 6824 by reason of the service of the writ of garnishment on the debtor, Renick.

The will of Mrs. Cooper, under which defendants claim, is as follows:

"1. I will and direct that all of my just debts be paid by my executor and trustee hereinafter appointed.

"2. After the payment of my just debts, I will and bequeath all of the property that I may die seized and possessed, both real and personal, to W. N. Williams in trust for the following purposes, to-wit: In trust for my beloved sister, M. E. Williams, who has taken care of me and patiently looked after my welfare and interest.

"Said W. N. Williams, as such trustee, shall use said property for and in behalf of my beloved sister, only, and in the following manner,

to-wit: He shall have the right, power and authority to pay out any such sum or sums of money that I have, that in his judgment he may deem proper for the interest, welfare or comfort of my said sister, M. E. Williams. My said trustee, W. N. Williams, whom I hereby appoint as such, shall have the power and authority to collect such outstanding obligations that may be owing to me at the time of my death, and to receive and receipt for the money, or to execute any release or releases that may be necessary therewith, and in the event of the collection of any sum or sums of money as aforesaid, my said named trustee shall use such sums only for and in behalf of my sister, M. E. Williams, and he shall have the power and authority to spend such sum or sums of money as, in his judgment, he deems best and proper, for the welfare and comfort of my said sister, M. E. Williams, and in the event there should remain any sum of money so collected from my said estate on hand, and in the hands of my said trustee, W. N. Williams, at the time of the death of my said sister, M. E. Williams, then I will and bequeath such so remaining equally to the balance of my sisters then living, and my trustee is directed and authorized to turn such property over to them, after deducting the necessary expenses incident thereto.

"I also will and bequeath to my said trustee, W. N. Williams, for the use and benefit of my beloved sister, M. E. Williams, all real estate that I may own or have any interest in at the time of my death, to be used by my said trustee for the sole and only use and benefit of my sister, M. E. Williams. I empower my said trustee and executor, W. N. Williams, to sell any and all of said real estate he may think proper in his own judgment, and to make valid conveyances of the same to such persons and upon such terms and conditions as he may desire, in which event such proceeds are to be used for the comfort and use only of my said sister, M. E. Williams, and in the event any of such funds remains on hand, and are in the possession of my said trustee, at the time of the death of M. E. Williams, such funds and property, and also such remaining real estate bought with the funds of myself, shall be inherited equally by and between all of my surviving sisters.

"I especially will and bequeath my little home place at Sunset, in Montague county, Texas, to W. N. Williams, in trust for my beloved sister, M. E. Williams, with the request that they use and occupy the same, or if my trustee desires and thinks best and proper, express authority is hereby given him to sell and convey the same and to pass title thereto to anyone he desires, and upon such terms as he may desire, with the proceeds arising therefrom, to be by him spent in behalf of the welfare and comfort of my said sister, M. E. Williams.

"It is my will and desire that my sister, M. E. Williams, shall have no right in the property herein willed to her, save and except for the purposes as above mentioned, and my trustee there shall have no

power or authority or interest therein, save and except the rights and powers herein conferred upon him. It is my intention herein that all of my said property shall be used in the manner as aforesaid, by my said executor and trustee for the use and benefit of my sister, M. E. Williams, to be used by him for her benefit, use and comfort, and to be used only by my trustee for that purpose and in such manner as he deems best and proper, and whatever property that may remain on hand of mine at the death of my said sister, M. E. Williams, shall be equally divided by and between my sisters then living.

"I hereby nominate and appoint W. N. Williams, my executor and trustee of this my last will and testament and with full power and authority to carry out the trust herein imposed, and direct that no bond be required of him as such executor or trustee, and that no proceedings be had in the county court, other than to probate this will and return into court an inventory of my estate and list of claims.

"In the event of the death of said W. N. Williams before the death of my sister, M. E. Williams, then I direct and request that the probate court of any county having jurisdiction, appoint some suitable person to carry out the trust herein imposed, and with the same authority as herein set forth."

Mrs. Cooper's estate consisted of the two vendor's lien notes in controversy and the house and lot in the town of Sunset in Montague County, Texas, devised by said will. After the death of Mrs. Cooper and the probate of her will plaintiff sued out a writ of attchment and caused the same to be levied on said house and lot as the property of the defendants, W. N. Williams and wife, M. E. Williams. The court, on the trial of the case, refused to foreclose an attachment lien on said property.

The will vested the legal title to Mrs. Cooper's estate in W. N. Williams with power to sell and convey the same. The title so vested in him was, however, in trust for his wife. The will required him to use the whole property, or so much thereof as in his judgment should be so used, for her welfare and comfort. It expressly declared that he should have no power, authority or interest in said estate except such rights and powers as were therein conferred. The only intimation of a personal interest conferred upon him by the will is the request that he and his wife occupy the house and lot aforesaid, as a home, until such time as in his judgment the interest and welfare of the beneficiary would best be served by the sale thereof. It does not appear that they, or either of them, ever saw fit to occupy said property. Occupancy by the beneficiary as a home for herself and her husband was merely one of the ways in which the trustee in his discretion might apply the property to her welfare and

comfort. Until so occupied, it constituted a part of the trust estate in which the trustee had no interest except to discharge his duties under said trust. The character of his holding was known to plaintiff. The proposition that property belonging to a trust estate in the hands of a trustee in which property such trustee has no personal interest is not subject to seizure and sale for his individual debts is well established. 26 R. C. L., p. 1261, sec. 109.

The right of a testator to give property to one devisee with full power of use, sale and appropriation and at the same time, by a devise over to another, vest in such other a good and valid title to so much of said property as shall remain undisposed of and unappropriated at the death of the first taker is expressly declared by our Supreme Court in McMurray v. Stanley, 69 Texas, 227, 234, 6 S. W., 412. The fact that Mrs. Cooper's will vested the legal title during the life of the first taker in a trustee in no way affects the application of this rule. The devise over in this case of so much of Mrs. Cooper's estate as shall be on hand at the death of Mrs. Williams, to her sisters, is a valid provision of said will. The trustee holds the property under the terms of the will, first, for the use and benefit of Mrs. Williams, to be applied in his judgment and discretion as her interest, welfare and comfort may require, and in such manner and to such extent only; and second, for the benefit of the sisters of the testatrix as to such part of said estate, if any, as shall remain undisposed of or unappropriated at the time of Mrs. Williams' death. By the express terms of the will, Mrs. Williams has no right, interest nor title to the property except the right to receive, use and enjoy such part of the same as the trustee in the exercise of the discretion vested in him by the terms of said will shall deem proper and right to apply to her welfare and comfort and shall so apply. The duties imposed upon the trustee by the terms of the will are very general. He is granted express authority to sell, convey, collect and hold the entire estate, and implied power to reinvest the same, because the testatrix expressly provides that all property on hand at the death of Mrs. Williams bought with funds belonging to her estate shall be inherited equally by her surviving sisters. Such trust is not a mere passive trust but an active one and requires the performance of duties and the exercise of personal discretion and judgment on the part of the trustee. Lanius v. Fletcher, 100 Texas, 550, 555, 101 S. W., 1076.

Was the property subject to levy and sale to satisfy plaintiff's judgment against Mrs. Williams? Mrs. Cooper, as the owner of the property in controversy, had absolute right to dispose of it by her will as she saw fit and to put upon the title thereto and upon the right to use and appropriate the same such limitations as she deemed proper, provided they were not in violation of law or against

public policy. She had a right to devote her own property to promote and secure the welfare and comfort of her sister and to protect her against the vicissitudes of fortune. Mrs. Williams gave nothing for the benefits accruing to her under the will. Her ability to respond to the demands of her creditors was in no way lessened thereby. It was a pure bounty conferred by her sister, Mrs. Cooper, who had the right to prescribe the terms upon which such bounty should be enjoyed. Mrs. Cooper had the right to create a trust, to designate a trustee and to put the property in his hands to be applied to the use, welfare and comfort of her said sister, free from the demands of her said sister's creditors. Lanius v. Fletcher, 100 Texas, 550, 555, 101 S. W., 1076; Patten v. Herring, 9 Texas Civ. App., 640, 29 S. W., 388, and authorities there cited; Nichols v. Eaton, 91 U. S., 716, 23 L. Ed., 254, and authorities there cited; McClelland v. McClelland, 37 S. W., 350, 358-9, (writ refused) ; Wood v. McClelland, 53 S. W., 381 (writ refused.)

The right to encumber or alienate property is one of the usual incidents of ownership. If the property in controversy in this case is not subject to voluntary encumberance and alienation by Mrs. Williams and not subject to seizure and sale in satisfaction of her debts it is because Mrs. Cooper has so limited the gift of the same. It was not necessary that Mrs. Cooper's will, which created the trust in this case, should so declare in express and unequivocal terms. It is sufficient if it appears reasonably clear from the entire instrument construed in the light of attending circumstances that such was her intention. Nunn v. Titche-Goettinger Co., 245 S. W., 422; Patten v. Herring, *supra.*

The will, by its terms vests the legal title to the property in a trustee and while it provides that he shall hold it in trust for Mrs. Williams it further provides that all the same on hand at her death shall pass to her surviving sisters. It further provides that she shall have no right in the property devised except for the purposes provided therein. The purpose declared by its terms is the application of said property to her welfare and comfort by the trustee but such application is to be wholly within his discretion and only as he, in his judgment, deems best for her. It does not direct the trustee to pay or deliver the property to her as in his judgment her welfare or comfort may require, but to spend or pay the same himself to accomplish such purposes.

Mrs. Williams, so far as the record shows, owned no separate property. She was indebted to the plaintiff in the amount of the judgment sued on. The will was executed during the pendency of the suit. It was admitted that the value of the house and lot devised was small. If Mrs. Cooper's whole estate were applied to the satisfaction of this judgment, little, if any, would remain. In view of

the fact that plaintiff was suing Mrs. Cooper at the time, charging her with fraud in the acquisition of said notes and seeking to deprive her of the proceeds of same, we think it was reasonably clear that it was Mrs. Cooper's purpose to provide for the application of her property to promote the welfare and comfort of her said sister and to deprive her of control over or right to dispose of the same, and at the same time to exempt said property from the claim of the plaintiff, or any other creditor. Patten v. Herring, 9 Texas Civ. App., 640, 29 S. W., 388, 391-2.

In the majority of cases involving such trusts, the income only is directed to be applied to the support and comfort of the beneficiary, but such is not always the case and the purpose of such a trust is not defeated by the fact that the trustee is authorized in his discretion to apply a part of the corpus of the fund to the use of the beneficiary in accordance with the terms of the trust. Neither is the purposes of such trust defeated by the fact that the trustee is authorized or even required to turn the entire trust fund or property over to the beneficiary absolutely at some fixed time in the future. McClelland v. McClelland, *supra;* Wood v. McClelland, *supra;* Meek v. Briggs, 87 Iowa, 610, 43 Am. St. Rep., 410, 54 N. W., 456; Robertson v. Schard, 142 Iowa 500, 134 Am. St. Rep., 430, 433, 119 N.. W., 529; Barnes v. Dow, 59 Vermont, 530, 10 Atl., 258, 261; 1st Perry on Trusts, sec. 386a.

While trusts by the terms of which the property belonging thereto is put beyond the control of the beneficiary and exempted from seizure for his debts are commonly called "spend-thrift trusts," it is not necessary that the instrument creating the same shall assign any reasons for such provisions nor is it necessary that the beneficiary shall be in fact improvident, incapable or a spendthrift. 25 R. C. L. p. 357, sec. 8. Such trusts are not sustained out of consideration for the beneficiary. Their justification is found in the right of the testator to control his bounty and secure its application according to his pleasure. Lanius v. Fletcher, *supra;* Nichols v. Eaton, *supra;* Re: Morgan's Est., 223 Pa., 228, 72 Atl., 498; 25 L. R. A. (N. S.) 236, 237-8.

We, therefore, answer the fourth question as follows:

4. The will of Mrs. Sarah E. Cooper did not have the effect to vest title to the property therein devised in such a manner as to render it, or any part of it, subject to execution for the payment of plaintiff's judgment against the defendants, W. N. Williams and Mrs. M. E. Williams, nor either of them.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.