**Hearn F. HINES, Appellant,**

v.

**Raymond R. SANDS et al., Appellees.**

**No. 15892.**

Court of Civil Appeals of Texas.

Fort Worth.

March 21, 1958.

Rehearing Denied April 18, 1958.

Edwin Luecke, Wichita Falls, for appellant.

Arch Dawson, Wichita Falls, for appellee, Raymond R. Sands.

Nelson, Montgomery, Robertson & Sellers and Ernest Robertson, Wichita Falls, for appellee White's Employees Profit Sharing Trust.

RENFRO, Justice.

Hines recovered judgment against Sands for $3,574.39. After judgment Hines filed garnishment against White's Employees Profit Sharing Trust. Sands was impleaded in the garnishment suit. It was stipulated at the trial that Sands was entitled to a nonforfeitable share of benefits of White's Employees Profit Sharing Trust.

The question on appeal is whether a spendthrift clause in the trust instrument hereinafter discussed prevented garnishment of the above-mentioned interest by Hines.

On December 31, 1942, White's Auto Stores created a trust known as "White's Employees Profit Sharing Trust."

In paragraph I of the trust instrument, provision was made for five trustees, and "Legal title to all property of whatsoever nature owned by the Trust, and the full, complete and exclusive control and administration of the Trust" were vested in said trustees; and in paragraph II the power of the trustees was further spelled out in detail. Paragraph III defined eligible employees. In paragraph IV provision was made for payment into the trust fund of a certain percentage of the net profits of the White's stores. Paragraphs V, VI and VII set out the benefits to be received by those employees eligible to participate.

Paragraph VIII sets up a "spendthrift trust" in the following language:

"Paragraph VIII—Spendthrift Clause

"The beneficial interest of any Trust member, or his beneficiary in the event of

the Trust member's death, in and to the assets of the Trust shall not at any time or under any circumstances be subject in any manner to any anticipation, encumbrance, hypothecation, pledge or assignment or any other manner of alienation and no such Trust member or beneficiary shall at any time or in any manner affect or impair his right, title, interest or estate in the Trust during the entire term of this Trust; nor shall the same be subject to any attachment, garnishment, execution, bankruptcy, insolvency or other proceedings by creditors of any kind, nor subject nor liable to any process of law or court for the payment of debts."

Only the trust instrument and a short stipulation of facts were introduced in evidence. The parties stipulated that the amount of Hines' judgment against Sands was due and unpaid; "That prior to the Judgment against Raymond R. Sands and the institution of this suit said Raymond R. Sands had been an employee of White's Auto Stores or White's Stores, Inc., and by virtue of that employment he was entitled to a non-forfeitable share of benefits of said trust. That following a divorce by his wife one-half (½) of those benefits were paid to his ex-wife, leaving a remainder due to Raymond R. Sands of $3,677.97 payable as follows: 949.15 due on November 1, 1956, 949.15 due on November 1, 1957, 949.15 due on November 1, 1958, 830.00 due on November 1, 1959. That prior to the institution of this suit and the suit of Hines v. Sands, the Trustees of White's Employees Profit Sharing Trust loaned to Raymond R. Sands the first payment, that one being due on November 1, 1956, in connection with which Mr. Sands assigned to the Trustees that payment and the Trustees collected it. That there is now a balance due to Mr. Sands from said trust of $2,728.82, which is payable to Sands at the time and manner stipulated in the Trust and that the Trustees have no right or authority to vary that amount and no discretion concerning the payment thereof at the time stipulated; except as directed by this court of competent jurisdiction.

"That the printed copy of the Trust presented to the court is a true and correct one, and that there are no amendments, additions or deletions made thereto or therefrom, except as shown in the Trust instrument introduced in evidence. That all employees of White's Auto Stores are informed of the Trust and its benefits, and such benefits are held out to such employee as an inducement to obtaining or retaining employees with White's Auto Stores."

The trial court entered judgment which read in part as follows: "Upon conclusion of the evidence and the argument of counsel, the Court was of opinion that the Plaintiff is not entitled to recover herein, it appearing that this Cause is a garnishment after judgment, by the Plaintiff Hearn F. Hines against the Garnishee, White's Employees Profit Sharing Trust, with the Defendant Raymond R. Sands impleaded, which Garnishee and Defendant defends on the ground that the property sought to be reached by the garnishment is not subject thereto, which defense, the Court holds, should be sustained."

Hines argues, first, the benefits due Sands were compensation based on consideration, and hence spendthrift provision was invalid as against public policy; second, spendthrift provision is not applicable to type of trust in question; and third, when Sands terminated his employment his rights became fixed, and spendthrift provision no longer applied. It is his contention that each employee, or trust member, earned at least a part of the benefits promised by the Trust, and therefore paid a consideration for the portion of the trust benefits payable to him; that " 'it is against public policy to permit a man to tie up his property in such a way that he can still enjoy it but can prevent his creditors from reaching it.' " Neither Sands nor any other employee paid anything into the trust fund or had any part in the establishment of

the trust. Sands did not "tie up his property." The trust was created by White's Stores from money and property belonging to said stores. According to the trust instrument a part of the net profits of the stores was paid into the trust fund each year. There is no evidence as to the date when Sands started work for White's. In so far as the record shows the trust instrument was executed by the stores without prior agreement or knowledge of its employees. According to the terms of the instrument the employees have no voice in the selection of trustees or in the management of the trust. The money paid into the trust fund was the money of the stores. The settlor of the trust was White's Stores. We find no basis for the argument that Sands had any part in creating the trust.

■ In general, a spendthrift trust is one in which the beneficiary is prohibited from anticipating or assigning his interest in or income from the trust estate. Cronquist v. Utah State Agricultural College, 114 Utah 426, 201 P.2d 280; Long v. Long, Tex.Civ.App., 252 S.W.2d 235. It is not necessary that the instrument creating a spendthrift trust shall assign any reasons for such provision, nor is it necessary that the beneficiary shall be in fact improvident, incapable or a spendthrift. Adams v. Williams, 112 Tex. 469, 248 S.W. 673; 119 A.L.R. 23.

■ The courts of Texas recognize the validity of spendthrift trusts. 42 Tex.Jur., p. 704; Adams v. Williams, supra; McClelland v. McClelland, Tex.Civ.App., 37 S.W. 350.

■ No part of a spendthrift trust estate in the hands of the trustee can be taken on execution or garnishment by creditors of the cestui que trust. Hoffman v. Rose, Tex.Civ.App., 217 S.W. 424; Caples v. Buell, Tex.Com.App., 243 S.W. 1066.

Only three installments of Sands' benefits were unpaid at the time the garnishment suit was heard in July of 1957. The next installment was not due to Sands until November 1st of 1957.

■ Generally, the income of a spendthrift trust which has already accrued in the hands of the trustees, but which has not been paid to the beneficiary, is exempt from the claims of the beneficiary's creditors. 90 C.J.S. Trusts § 198, p. 112.

The trust instrument shows clearly that the trust money was provided wholly by the employer, that Sands, employee, had no part in creating the fund or in its maintenance.

■ We hold the "spendthrift" provision to be valid. In our opinion it is not contrary to public policy for an employer to voluntarily "settle" his own funds on an employee in the nature of a spendthrift trust.

■ We do not agree with Hines that the trust as to Sands became dry or passive. A trust is active until its objects are accomplished or until the trustee shall have completed the last active duty imposed by the trust. 90 C.J.S. Trusts § 177, p. 65. The trust instrument expressly authorized the trustees to completely and wholly manage, control and administer the trust estate; make any nature or type of instrument, re-investment or conversion of any form of assets to or from insurance, annuities, stocks, bonds, etc. The trustees were given many duties and much discretion in administering the trust estate.

In Amer.Jur., Vol. 54, p. 31, it is stated, "A trust has been held to be active where the trustee is to manage the estate as he thinks best for the interest of the cestui que trust; * * * or where he is to exercise control over the estate * * * or keep it invested * * * until division, or until some other event or condition." Under the provisions of the trust instrument, the trustees had the right to keep Sands' interest, manage it or invest it, or retain it until the dates due for payment.

In our opinion the spendthrift provision was in effect when the garnishment was issued, and the funds having been impressed with such provision, the purpose of the employer, or settlor of the trust fund, cannot be defeated by way of garnishment by a creditor of one of the beneficiaries of the trust fund. See Hoffman v. Rose, supra; Scott on Trusts, Vol. II, 2nd Ed., p. 1064.

Lastly, Hines contends that by delivery of portions of the trust funds to Sands' former wife, and allowing Sands to withdraw benefits from the trust, the trustees and Sands construed all benefits to be due Sands and waived the spendthrift provision of the trust.

The stipulation of facts shows that the trustees *loaned* Sands the payment due on November 1, 1956, Sands assigned the payment to the trustees, and the trustees collected the payment (emphasis ours). As to payment to Sands' former wife the stipulation merely says, "That following a divorce by his wife one-half (½) of those benefits were paid to his ex-wife, leaving a remainder * * *." It is not shown whether Sands or the Stores agreed to such payment. Sands could not demand such payment to be made.

As seen in paragraph VIII, Sands was prohibited from impairing his rights, title, interest or estate in the trust at any time or in any manner during the entire term of the trust. He had no right to demand and receive the money prior to the due dates. Hines as creditor had no more rights than Sands. Since Sands could not reach the funds, neither could the creditor. Sands had no authority to waive the spendthrift provision. The Stores created the trust and inserted the spendthrift provision. The law did not impose the duty on the Stores to create the trust. That was the voluntary action of the Stores. Spendthrift trusts are not sustained out of consideration for the beneficiary. Their justification is found in the right of the donor to control his bounty and secure its application according to his pleasure. Adams v. Williams, supra.

We agree with and affirm the trial court's judgment that the trust funds are not subject to garnishment.

Affirmed.

MASSEY, Chief Justice (concurring).

I concur in the result reached by the foregoing opinion, for the reason that, as of the date suit was filed and service obtained in the garnishment, garnishee trust held no funds in its hands as to which, as between the trustees and Sands, the latter's right thereto would have prevailed in a dispute thereupon between such parties.