**FIRST BANK & TRUST and Comfort Supply, Inc., Appellants,**

v.

**William H. GOSS et al., Appellees.**

**No. 16613.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 15, 1976.

Parrish & Parrish, Angelo Parrish, Houston, for appellant.

COLEMAN, Chief Justice.

This is an appeal from a summary judgment discharging a garnishee in a post-judgment garnishment proceeding. The trial court determined, as a matter of law, that income accumulated in a spendthrift trust and payable to a beneficiary by the terms of the trust was not subject to garnishment while in the hands of the trustee. We agree.

The trust involved in this case was created by the will of Myrtle Matney, deceased grandmother of Benny L. Matney. By her will Mrs. Matney placed certain real property in trust for the benefit of two of her grandsons. She appointed William H. Goss trustee of the trust estate, with directions that he rent the property to himself as long as he desired to do so and at yearly intervals pay the net income to the beneficiaries. In the event he did not desire to use the property he was authorized to sell same and deliver the purchase price to her beneficiaries. Mr. Goss accepted the position of trustee and has been administering the trust as directed by the will. He for some years has been unable to locate Benny L. Matney by reason of which circumstance the sum of $3,528.10 has accumulated. Pursuant to directions contained in the will this money must be deposited at a bank in a savings account.

Garnishors First Bank & Trust and Comfort Supply, Inc. own an unsatisfied judgment against Benny L. Matney. They directed a writ of garnishment to William H. Goss as Trustee, who answered admitting possession of the funds but asserting that they are exempt from writs of garnishment by virtue of a spendthrift clause contained in the will of Myrtle Matney.

The spendthrift clause reads:

"I direct that the interests of the beneficiaries of any and all trusts hereunder shall not be subject or liable in any manner to or for their or any of their anticipations, assignments, sales, pledges, debts, contracts, engagements or liabilities, or subject or liable to attachment,

execution or sequestrations under any legal, equitable or other process, prior to actual receipt by the beneficiary."

■ The courts of Texas have recognized the validity of spendthrift trusts except where the settlor creates the trust and makes himself the beneficiary. *Adams v. Williams,* 112 Tex. 469, 248 S.W. 673 (Tex. 1923).

In *Adams v. Williams,* supra, the court said:

"Mrs. Cooper, as the owner of the property in controversy, had absolute right to dispose of it by her will as she saw fit and to put upon the title thereto and upon the right to use and appropriate the same such limitations as she deemed proper, provided they were not in violation of law or against public policy. She had a right to devote her own property to promote and secure the welfare and comfort of her sister and to protect her against the vicissitudes of fortune. Mrs. Williams gave nothing for the benefits accruing to her under the will. Her ability to respond to the demands of her creditors was in no way lessened thereby. It was a pure bounty conferred by her sister, Mrs. Cooper, who had the right to prescribe the terms upon which such bounty should be enjoyed. Mrs. Cooper had the right to create a trust, to designate a trustee, and to put the property in his hands to be applied to the use, welfare, and comfort of her said sister, free from the demands of her said sister's creditors . . . ."

■ Where it appears from the terms of the instrument creating the trust that it was the donor's or testator's intention to create a trust estate immune from liability for the debts of the beneficiary and to prohibit its alienation by him during the term of the trust, a spendthrift trust is created, and the intentions of the donor or testator will be enforced by the courts of this State. *Nunn v. Titche-Goettinger Co.,* 245 S.W. 421 (Tex.Comm.App., Section A, judgment adopted, 1922); *Long v. Long,*

252 S.W.2d 235 (Tex.Civ.App.—Texarkana, 1952, writ ref'd n. r. e.).

■ Neither the corpus nor the income of a spendthrift trust while in the hands of the trustee are subject to the claims of the creditors of the beneficiary. This is true not only of the corpus and future income but also the income which has already accrued in the hands of the trustee, but which has not been paid to the beneficiary. *Huestis v. Manley et al.,* 110 Vt. 413, 8 A.2d 644 (1939); *Hines v. Sands,* 312 S.W.2d 275 (Tex.Civ.App.—Fort Worth, 1958, no writ history).

■ The intention of Mrs. Matney was clearly expressed in her will. She directed that the interests of the beneficiary in the trust should not be liable for the debts of the beneficiaries prior to the actual receipt of funds by the beneficiary. She further directed that the undistributed income should not be invested but should be deposited with the Harrisburg State Bank in savings to accumulate interest at the prevailing rate. She directed the trustee to collect the rents from the property and accumulate it until the end of each calendar year and at that time to pay from such rents all taxes, maintenance costs, and other valid debts. She directed that then the net income be divided equally, one-half to be paid directly to Benny Lawrence Matney, the other half to be managed for the benefit of Charles Ray Matney. Mrs. Matney foresaw that there might be years when the income would not be paid to the beneficiary as anticipated and provided for that contingency. The accumulated income remains a part of the res of the trust. It is an active trust. That provision of the will of Mrs. Matney directing that the interest of Benny L. Matney in the trust would not be subject to the demands of his creditors prior to the actual receipt by the said Benny L. Matney of the income or principal of the trust should be enforced. As the Supreme Court of Texas stated in *State of California Department of Mental Hygiene v. Bank of the Southwest National Association,* 354 S.W.2d 576 (Tex.1962):

"The ultimate issue in that case, however, as it is here, was the intent of the testator as reflected in the language of the trust instrument . . ."

█ The appellants argue that Matney, presumably by virtue of his unavailability to receive the accrued income from the trust, has unilaterally altered the terms of the trust and by doing so, made himself the settlor of the accumulated income under his own revocable trust. We find no merit in this contention. As suggested above Mrs. Matney foresaw the possibility that the trust funds might not be distributed each year as she had directed and made provision for that contingency.

The judgment is affirmed.