**In re Rick V. KIRK and Margaret R. Kirk, Debtors.**

**No. 388–36536–RCM–7.**

United States Bankruptcy Court, N.D. Texas, Dallas Division.

June 19, 1989.

Harry L. Cure, Jr., Ft. Worth, Tex., Trustee.

Randy Ford Taub, Dallas, Tex., for debtors.

## MEMORANDUM OPINION

ROBERT McGUIRE, Chief Judge.

This case comes before the court on motions and briefs following the trustee's objection to the debtor's claim that his interest in an employee savings plan constitutes exempt property. In support of his claim, the debtor presents two arguments. First, the debtor contends that his interest in the Employee Savings Plan and Trust ("Plan") can be characterized as a spendthrift trust and thus, cannot be classified as property of the estate under 11 U.S.C. § 541. Alternatively, debtor argues that if the Plan is considered property of the estate, then the Plan is exempt property under the provisions of Texas Property Code § 42.0021(a) (Vernon 1988). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) & (O). The following constitute the court's findings of fact and conclusions of law with respect to the trustee's objection.

Debtor's Chapter 7 petition was filed on October 27, 1988. Harry Cure was appointed Interim Trustee for the Chapter 7 estate on December 28, 1988. A creditor's meeting pursuant to 11 U.S.C. § 341 was held January 10, 1989. The Interim Trustee filed a timely objection under Bankruptcy Rule 4003 to the debtor's claim of exempt property on January 19, 1989. The debtor filed his response to the trustee's objection on February 7, 1989.

Specifically, the debtor argues that terms of the Plan are similar to those of a spendthrift trust and as such the funds contained in the plan cannot be classified as property of the estate under 11 U.S.C. § 541. The Plan provides that:

> [a] Member shall have the right to withdraw all or a portion of the balance of his Pre–Tax Contribution Account to the extent necessary to meet a financial hardship resulting from medical expense of the Member or his immediate family, purchase a primary residence of the Member or his immediate family, education of the Member or his immediate family, expenses related to a death in the Member's family, or loss of the Member's earnings occasioned by illness or injury.

> The Committee shall determine in its sole discretion whether a financial hardship exists to warrant a withdrawal....and, if such hardship .exists, the amount of the withdrawal necessary to meet the hardship.

Further restrictions on alienation and assignment of a member's interest are also contained in the Plan.

Likewise § 541(c)(2) provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title". The Fifth Circuit has narrowly defined "applicable nonbankruptcy law" as including only state spendthrift trust law rather than being a reference to any ERISA restrictions on assignment and alienation. *In the Matter of Goff,* 706 F.2d 574, 577 (5th Cir.1983). Therefore, the debtor contends if the Plan qualifies as a spendthrift trust under state law then the proceeds do not become property of the estate.

Under Texas law, a settlor may create a spendthrift trust that provides a beneficiary may not transfer his interest in principle or income before payment of that interest. See Texas Prop.Code Ann. § 112.035 (Vernon 1984). See also *Hines v. Sands*, 312 S.W.2d 275 (Tex.Civ.App.—Ft. Worth, 1958, no writ). When a spendthrift trust is created, neither the corpus or the income of the trust are subject to claims of the creditors of the beneficiary. See *First Bank & Trust v. Goss*, 533 S.W.2d 93 (Tex. Civ.App.—Houston [1st. Dist.], 1976, no writ); *Matter of Moody*, 837 F.2d 719 (5th Cir.1988)[1]; *In re Cypert*, 68 B.R. 449 (Bankr.N.D.Tex.1987). A settlor may not create a spendthrift trust for his own benefit. A trust created for a settlor's own benefit cannot be classified as a spendthrift trust and property in such a trust will be characterized as property of the estate. *In re Brooks*, 60 B.R. 155 (Bankr.N.D.Texas 1986), *aff'd*, 844 F.2d 258 (5th Cir.1988). Further, if funds in such a trust are assignable to a creditor, these funds cannot be classified as a spendthrift trust and will become property of the estate. *In the Matter of Reagan*, 741 F.2d 95 (5th Cir. 1984).

In determining whether particular trust funds qualify as spendthrift, the Fifth Circuit has focused on the degree of control over the plan retained by the debtor. In *Goff*, the Circuit held a Keogh plan could not be kept out of the estate due to the self settled nature of the plan combined with the debtor's ability to withdraw funds from the plan.[2] *Goff*, 706 F.2d at 588. In reaching this conclusion, the Court noted that the debtors:

> ...retained the freedom to withdraw their Keogh plan assets, yet purported to insulate those assets from their creditors. If this dichotomous treatment were to be recognized, the strong common law policy of spendthrift trusts, as well as the Bankruptcy Code's intent, would be subverted. Debtors could shelter funds in Keogh plans immediately before declaring bankruptcy—as did the Goffs with at least some of their funds—and immediately after discharge of all debts withdraw such funds for their own benefit.

*Id.*

However, in *Goff*, the Circuit was careful to distinguish the subject Keogh plans from the "usual case of employer-created funds in which the beneficiary employee has little or no control during the term of his employment". 706 F.2d at 589. Control has continued to be an important issue in the line of Fifth Circuit cases discussing spendthrift trusts. In *Matter of Brooks*, the debtor retained a high degree of control over the plan including a voice in the Plan's investments, an ability to borrow from the trust under certain conditions, an ability to terminate his membership and receive his funds immediately. 844 F.2d 258, 263 (5th Cir.1988). All of these factors contributed to this plan being disqualified from spendthrift trust treatment.

In addition to control, a participant's contributions to plan may prevent the plan from being characterized as a spendthrift trust. In another Fifth Circuit opinion, *In re Johnson*, 724 F.2d 1138 (5th Cir.1984), the court held that a voluntary plan in which the employee made all the contributions could not be classified as spendthrift. The court analogized the employees making contributions to a plan to a "settlor" making contributions to a trust "res". However, in the instant case, employee contributions are not the sole source of funding for the Plan—the employer makes contributions as well. See Plan ¶ 3.2. *See also, Highlands State Bank v. Gonzales*, 340 S.W.2d 828 (Tex.Civ.App.–Waco 1960, no writ hist.).

Finally, the court looks to two bankruptcy court decisions in this area. In *In re Ewald*, Judge Kelly found a retirement plan in which the debtor had no control

---

1. There is no contention in the present case that income under the Plan has been paid within 180 days of the bankruptcy filing.

2. Apparently, the 10% penalty on withdrawals was not a significant enough restraint on alienation to prevent the court from holding that the Keogh at issue fails to qualify as a spendthrift trust. *Goff*, 706 F.2d at 588 n. 37.

ownership interest and no ability to withdraw the funds currently as a spendthrift trust. 73 B.R. 792 (Bankr.W.D.Tex.1987). In contrast, Judge Kelly held another plan, a deferred compensation plan, could not be characterized as a spendthrift trust because the plan was funded solely with employee rather than employer contributions. *In re Connally,* 94 B.R. 908, 18 B.C.D. 1129 (Bankr.W.D.Tex.1989). In the later case, the debtor had an election to be currently paid for services or to defer them until retirement. Therefore, the court held that the debtor remained in control of when he was to be paid. Turning to the facts of this case, the above provisions of the Plan characterize it as a spendthrift trust. Since the debtors do not have access to the funds until certain events and the Plan administrator has the sole discretion to determine when and what funds may be withdrawn, the Plan has the indicia of a spendthrift trust. Also, the trust was established by the debtor's employer, Cadillac Fairview U.S., Inc., is administered by an independent third party and there is no evidence to indicate that the debtor had any role in establishing the fund. This particular Plan is a far cry from the Plans at issue in *Goff* and *Brooks* in which the debtors retained a great deal of control over the funds and enjoyed relatively easy access to the money.

As a spendthrift trust under Texas law, creditors may not attach the debtor's interest in the Plan. Since the trust is enforceable under state law, the Plan will not become property of the estate. See 11 U.S.C. § 541(c)(2).

Since the trust cannot be characterized as property of the estate, the Court need not reach the issue of whether the property is exempt under the Texas Property Code § 42.0021(a). The Court reserves the right to make further findings of fact and conclusions of law.

Judgment will be entered in accordance with the foregoing opinion.