**In re Donald Joseph EWALD, Debtor.**

**Bankruptcy No. 1–86–00357.**

United States Bankruptcy Court,
W.D. Texas,
Austin Division.

May 1, 1987.

---

Eric R. Borsheim, Austin, Tex., for debtor.

Howard Letcher, Austin, Tex., Trustee.

## MEMORANDUM OPINION

LARRY E. KELLY, Bankruptcy Judge.

On the 6th day of November 1986 came on to be considered the Trustee's Objection to Exemptions; and

It appearing to the Court that it has jurisdiction over this proceeding as a core proceeding under the provisions of 28 U.S.C. § 157(b)(2)(B); and

The Court, having reviewed the factual stipulations submitted by the parties, the briefs and argument of counsel, makes the following findings of facts and conclusions of law. To the extent that a finding of fact should more appropriately be considered a conclusion of law or vice versa, it is hereby so considered. It is the intent of the Court to make these findings as required by Bankruptcy Rule 7052.

### FINDINGS OF FACT

On the 6th day of November 1986, the parties submitted their written stipulations as follows:

1. The Profit Sharing Plan and Profit Sharing Trust admitted into evidence as Debtor's Exhibit 1 is a true and correct copy of a retirement plan participated in by Jewell Ewald, the spouse of the Debtor.

2. The Money Purchase Pension Plan and Pension Trust admitted into evidence as Debtor's Exhibit 2 is a true and correct copy of a retirement plan participated in by Jewell Ewald, the spouse of the Debtor. These two plans and the corresponding trusts are collectively referred to hereafter as the "retirement plans."

3. Jewell Ewald is an employee of Rainey, Stewart, Sewell, O'Brien & Corman, P.A., and has no ownership interest in this professional association.

4. The retirement plans are part of the wage/benefit package incident to Jewell Ewald's employment with the professional association.

5. Jewell Ewald was employed by the professional association at the time of the filing of her spouse's Chapter 7 proceeding and has been continuously employed by it ever since.

6. All contributions to the retirement plans are made by the professional association and no contributions have been made by Jewell Ewald.

7. Jewell Ewald is not a member of the "Committee" appointed pursuant to paragraphs 2.2 of the retirement plans; neither is she the trustee nor does she have any interest in the trustee appointed under both retirement plans.

8. Neither of the retirement plans have been terminated by their terms.

9. Jewell Ewald is not yet entitled to any distribution of benefits under either of the retirement plans.

10. Jewell Ewald has no loans against either of the retirement plans as permitted under Article XV of the plans.

## ISSUES

It appears to the Court that the primary issue is whether or not the Debtor-spouse of Jewell Ewald has any interest in her profit sharing plan, such as would be property of his estate under provisions of Bankruptcy Code § 541(a). If this Court determines that the interest of the Debtor is property of the estate, then the next question is whether or not such interest is the proper subject of an exemption.

## DISCUSSION

■ 1. The second issue before the Court would appear to be the easiest to resolve. This Court notes that the Debtor in this case claimed exemptions under the provisions of 11 U.S.C. § 522(b)(2)(A), generally being referred to as the state exemptions and those exemptions allowable under other "federal law," not including subsection (d) of section 522. It would appear that the Debtor's claim of these exemptions, should such interest of the Debtor in his non-debtor spouse's retirement plan be considered property of the estate, rests upon 26 U.S.C. § 401(a)(13) and 29 U.S.C. § 1056(d)(1). This Court believes that the Fifth Circuit decision *In re Goff,* 706 F.2d 574 (5th Cir.1983) is the controlling authority in this area. In that decision, the Fifth Circuit essentially held that Code § 522(b)(2)(A) does not provide an exemption for ERISA-qualified plans. The federal laws that Congress listed as illustrations of law which might allow exemptions under this Code section as "other federal laws" are all clearly distinguishable from ERISA-qualified plans. This Court therefore holds that any of that the Debtor's interest which is determined to be property of the estate would not be eligible to be exempted under the provisions of Code § 522(b)(2)(A).

■ 2. The more difficult question is the first issue relating to whether or not

the Debtor's interest, if any, is property of the estate. This Court first notes that the stipulations do not clearly address the issue of how long the parties have been married. For the purpose of this analysis, the Court will assume that Jewell Ewald has been married to the Debtor, Donald Joseph Ewald, for the entire period that the Profit Sharing Plan and Profit Sharing Trusts in question have been in existence. Given the nature of community property, it would appear that there could then be some interest of the Debtor in his wife's interest in the profit sharing plan.

3. However, this Court notes that statutory definitions of separate and community property appear in Section 5.01 of the Texas Family Code which reflects the constitutional definition found in the Texas Constitution, Article XVI, § 15, as well as the effect of decisions handed down long before the present statute was enacted. This definition is as follows:

"(a) A spouse's separate property consists of:

(1) The property owned or claimed by the spouse before marriage;

(2) The property acquired by the spouse during marriage by gift, devise, or descent; and

(3) The recovery for personal injury sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

(b) Community property consists of the property, other than separate property, acquired by either spouse during marriage.

4. Code Section 541(a) of the Bankruptcy Code provides that the commencement of a bankruptcy case creates an estate which is comprised of property wherever located and by whomever held, including in pertinent part "... (2) all interest of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) Under the sole, equal or joint management and control of the debtor; or

(B) Liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an al-

lowable claim against the debtor spouse, to the extent that such interest is so liable."

It appears to the Court that Section 5.22(a) of Texas Family Code defining property which is under the sole management, control or disposition of a spouse would include all earnings of the wife, including those credited to her account in her Profit Sharing Plan or Profit Sharing Trust. For this reason this Court does not believe that any of the funds in Jewell Ewald's Profit Sharing Plan or Profit Sharing Trust is "under the sole, equal, or joint management and control of the debtor." For this reason, none of the value of this retirement plan of Jewell Ewald's would be property of the estate under the definition found in Section 541(a)(2)(A).

5. For Code Section 541(a)(2)(B) to be found applicable, this Court would have to find that the interest of Jewell Ewald, in her Profit Sharing Trust, was "liable for an allowable claim against the debtor" or "for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." Therefore, the question is whether or not Jewell Ewald's interest in the Profit Sharing Plan is liable for any allowable claim against the Debtor or herself.

6. This Court finds that the Profit Sharing Trust is in fact a trust and contains spendthrift trust provisions. See, e.g. ¶ 9.1 in Debtor's Exhibit 1 and ¶ 9.1 in Debtor's Exhibit 2. Further, since the interest of Jewell Ewald would be under her sole management and control as determined by Texas Property Code § 5.22, it would also appear that such property interest would not be liable for any liabilities of the Debtor incurred before marriage to Jewell Ewald and which may represent some of the claims in this estate and, further, is not subject to any non-tortuous liabilities that the Debtor's spouse incurred during the marriage. See § 5.61 of the Texas Family Code. Further, the trust provisions would also appear to shield Jewell Ewald from the regular claims of creditors. Therefore, this Court does not believe that her interest is liable for any allowable claim against the Debtor or for allowable claims against herself. For this reason this interest of Jewell Ewald would again not appear to be property of the estate as it does not meet the definition found in Code Section 541(a)(2)(B).

7. In addition to the above, this Court further notes that Code Section 541(c)(2) provides that "a restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title."

8. Referring again to the authority of In re Goff, the Fifth Circuit noted that qualified pension plans qualify for exemption under state law and bankruptcy code provision as long as they qualify as "spendthrift trust" plans under applicable state law. Goff at 587. The problem in the Goff case was that the Keogh plan in question had been created by the debtor's self-employed retirement plan. The Fifth Circuit correctly noted that the rule is well established that "... if a settlor creates a trust for his own benefit and inserts a 'spendthrift' clause, restraining alienation or assignment, it is void as far as the creditors are concerned and they can reach the settlor's interest in the trust." In re Witlin, 640 F.2d 661, 663 (5th Cir.1981). In this situation, however, the settlor of the trust is the Debtor's spouse's employer. The stipulations clearly indicate that the Debtor's spouse is an employee of the professional association which set up the trust and that she has no ownership interest in it. See Stipulation ¶ 3. It is also noted that all contributions to the retirement plans are made by the professional association and that no contributions have been made by Jewell Ewald (Stipulation ¶ 6) and further that Jewell Ewald is not a member of the "committee" appointed pursuant to ¶ 2.2 of the retirement plans, is not a trustee and does not have any interest in the trustee appointed under the retirement plans in question (Stipulation ¶ 7).

9. The Fifth Circuit noted that spendthrift trust provisions contained in employer-created plans were generally effective, citing In re Turpin, 644 F.2d 472 (5th Cir.1981); In re Parker, 473 F.Supp. 746 (W.D.N.Y.1979); and In re ThreeWitt, 24 B.R. 927 (Bankr.D.Kan.1982), Goff at 589.

That opinion also noted that the usual case of employer-created funds in which the beneficiary employee had little or no control during the term of the employment and may only withdraw funds upon termination of employment was totally different than that involved in self-employed Keogh plans in which beneficiaries had considerable control, including withdrawal authority. *Goff* at 589. The conclusion of the Fifth Circuit was that the court drawn distinction was a reasonable one and appropriately made under the Bankruptcy Code. It would appear to this Court that the retirement plans in question are employer-created funds, the beneficiary employee is not a debtor, there is absolutely no fact to show that the funds are other than separately managed community funds of the non-Debtor's spouse and this Court finds that such fund as such, these funds do not form any part of the estate of the Debtor under the provisions of § 541(c)(2).

It is therefore found that the Objection of the Trustee should be DENIED as this Court concludes that the interest of the Debtor, if any, forms no part of his estate in this bankruptcy case.

An Order in conformance with these findings will be entered.