UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEVEN BIEGLER, C.P.A.; STEVEN
BIEGLER & ASSOCIATES, PC; KEITH
L. PHILLIPS, Trustee,
<u>Plaintiffs-Appellants,</u>

and

JOHN P. GIRARDI; JANET E. GIRARDI,
<u>Plaintiffs,</u>

v.

No. 97-2765

HATSY HEEP,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-96-637)

Argued: December 3, 1998

Decided: February 2, 1999

Before MURNAGHAN and MICHAEL, Circuit Judges, and
HERLONG, United States District Judge for the
District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Leonard Edward Starr, III, LEONARD E. STARR, III,
P.C., Sandston, Virginia, for Appellants. John Dinshaw McIntyre,

WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee. **ON BRIEF:** Bruce H. Matson, LECLAIR RYAN, Richmond, Virginia, for Appellants. Gary A. Bryant, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

The instant case is an appeal by certain creditors of Hatsy Heep ("Heep"), who filed for bankruptcy, from a ruling that the spendthrift clauses in four trusts in which Heep had a contingent remainder interest operate to preclude the trusts' inclusion in Heep's estate for the purposes of her bankruptcy proceedings. The creditors maintain that a deferred inclusion, rather than an outright exclusion is the proper result under bankruptcy law. However, we affirm because the district court's conclusions are correct, as they are supported by the applicable bankruptcy laws.

I.

At issue in this case are four trusts created by Herman F. Heep ("Herman"). Herman created the trusts in Texas and was domiciled there for all periods relevant to the instant litigation. Hatsy Heep, Herman's granddaughter, had a contingent interest in all four trusts, which were also subject to spendthrift clauses. She is also the debtor, having filed her bankruptcy petition in September, 1994. One of the contingencies -- the death of Heep's mother -- occurred in 1998, between the submission of briefs to us and oral argument before us. Because the question of whether the interests are included in the estate depends on the nature of the interests at the time Heep filed her petition, we recount the facts as they stood immediately prior to the death of Heep's mother.

2

The four trusts can be placed into two categories: the two "Houston Trusts," which are <u>inter vivos</u> trusts, and the two "Austin Trusts," which are testamentary trusts. Both the Houston Trusts and the Austin Trusts have been administered by a Texas trustee, since Herman has already passed away.

Under the first Houston trust ("Houston Trust Number I"), Heep's mother, Mary Lou Heep Henderson ("Henderson"), is the sole income beneficiary, but Heep will receive a share of the corpus if Henderson dies and Heep is living at her death. The spendthrift provision in Houston Trust I reads as follows:

> Neither the corpus nor the income of the Trust Estate shall ever, under any circumstances, be liable for or charged with the or any of the debts, contracts, liabilities, engagements, torts or obligations, present or future, of any beneficiary hereof, nor shall the same be ever subject to seizure by a claimant or creditor of any beneficiary under any writ or proceeding of any character at law or in equity, and no beneficiary thereof shall have the right or power to give, grant, sell, transfer, assign, convey, mortgage, pledge, charge or otherwise encumber or in any manner anticipate or dispose of her interest or proportionate interest in, or any part of, the property held in Trust under this Trust so long as such property or any undistributed portion thereof is held in Trust. No right of any disposition of any such property shall vest in any beneficiary unless and until the same shall have been actually transferred, conveyed or paid over to her.

Houston Trust I, ¶ 15.

Heep is a discretionary income beneficiary under Houston Trust II, but shares that designation with Henderson and Henderson's other children. Income distributions to Heep are at the sole discretion of the trustee. Moreover, Heep's interest in the trust is subject to the same contingencies as listed in Houston Trust I, namely, Henderson must die and Heep must be living at Henderson's death. Like the first Houston trust, Houston Trust II contains a spendthrift provision that reads as follows:

3

Neither the corpus nor the income of any Trust Estate, nor any interest therein, under any circumstances shall ever be liable for or charged with any of the debts, contracts, liabilities, torts or obligations, present or future, of any beneficiary thereof, nor shall the same be ever subject to seizure by any claimant or creditor of any beneficiary under any writ or proceeding of any character; and no beneficiary thereof shall have the power to give, sell, assign, convey, pledge, charge or otherwise encumber or in any manner anticipate or dispose of his or her interest in such Trust Estate, or the income therefrom, until the same shall have been actually transferred, conveyed, or paid over to him or her free and clear of such Trust.

Houston Trust II, ¶ 14.

Herman also provided for Heep in the Austin Trusts. Under Austin Trust I, Henderson receives a life estate and the remainder is vested in her issue, including Heep. Moreover, the will vests the trustee with the authority to make discretionary income distributions to Henderson and her issue. However, Heep's interest in the corpus of the trust is subject to the two conditions in the Houston Trusts, namely that Henderson dies and Heep is alive at Henderson's death, and an additional requirement that she is at least thirty-five years old.

Heep receives her full share of Austin Trust II only if Henderson dies and Heep is alive and at least fifty years old at Henderson's death. If Henderson dies before Heep reaches fifty, but Heep is at least forty-five, Heep still receives half of her interest in the trust corpus. Heep would receive the other half when she attains fifty years of age.

Finally, Herman's will contained a spendthrift provision that is applicable to both Austin Trusts:

Spendthrift Provision: No part of any Trust Estate, under any circumstances, shall ever be liable for or charged with any of the torts or obligations of any beneficiary or subject to seizure by any creditor of any beneficiary; no beneficiary, under any circumstances, shall have the power to anticipate

4

or dispose of his or her interest in any Trust Estate in any manner until the same shall have been actually distributed to him or her free and clear of such Trust.

Last Will of Herman Heep, ¶ 13.

As we noted, Henderson passed away in 1998, after the briefs were submitted but before oral argument was heard. Heep is alive and is at least forty-five years old, but not yet fifty. Therefore, Heep is now entitled to a one-third share of both Houston Trusts and Austin Trust I. She is also entitled to one-sixth of Austin Trust II, and will receive the other one-sixth (which makes a total of one-third of the entire trust) when she turns fifty.

II.

The district court's conclusions of fact are reviewable for clear error. See Jiminez v. Mary Washington College , 57 F.3d 369, 379 (4th Cir. 1995). Its conclusions of law are reviewable de novo. See Bunch v. Thompson, 949 F.2d 1354, 1367 (4th Cir. 1991).

Both the bankruptcy court and the district court concluded that 11 U.S.C. § 541(c)(2) (1994) operated to exclude Heep's contingent interests in the four trusts from her estate for the purposes of the bankruptcy. We find no error in that conclusion.

As a general rule, Congress intended that as much of the debtor's property as is practicable be included in the bankruptcy estate. See 11 U.S.C. § 541(a)(1) (1994). In fact, § 541(a)(1) specifically includes in the bankruptcy estate "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. (emphasis added).

However, in § 541(c)(2), Congress provided an exception to the general rule of inclusion of property in the bankruptcy estate. That exception applies to beneficial interests that contain restrictions on transfers. See id. The statute states that"[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this section." Id.

5

Appellants concede that Texas law applies here, **1** and that under Texas law, the spendthrift clauses are valid.**2** The only question left for our review then is whether § 541(c)(2) excludes from the bankruptcy estate trust property subject to a valid spendthrift clause.

Appellants argue that § 541(c)(2) does not bar their recovery here. They argue that the trust assets are not permanently excluded from the estate but are included subject to the restrictions of the spendthrift trust. Moreover, they assert, such a reading is consistent with the statute because there really is no "exclusion" in§ 541(c)(2). Finally, they argue, if Congress wanted to exclude spendthrift trusts, it would have done so in § 541(b), where it specifically states that certain property is "excluded." Id.

However, appellants' arguments ignore not only our precedent, but Supreme Court precedent. In Patterson v. Shumante, 504 U.S. 753, 758 (1992), the Supreme Court recognized that § 541(c)(2) operates as an exclusion of property defined therein from the bankruptcy estate. See id. ("The natural reading of[§ 541(c)(2)] entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law."). We have previously recognized that same principle. See In re Moore, 907 F.2d 1476, 1477 (4th Cir. 1990) ("Thus, if `applicable non bankruptcy law' enforces a restriction on the transfer of a debtor's interest in a trust, that interest will not be considered part of the bankrupt's estate."). Notably, in both Patterson and Moore, the trustees unsuccessfully argued that § 541(c)(2) applied only to state law. See Patterson, 504 U.S. at 757-58; Moore, 907 F.2d at 1477-79.

_____

**1** Texas law applies because we are required to apply the choice of law rules of the forum state when we review bankruptcy proceedings. See In re Merritt Dredging Co., Inc., 839 F.2d 203, 206 (4th Cir. 1988). The forum state of the bankruptcy court was Virginia. Under Virginia law, wills and trusts are interpreted under the law of the state in which the testator was domiciled. Here, the testator was domiciled in Texas.

**2** Under TEX. PROP. CODE § 112.035 (West 1994), the settlor may "provide in the terms of the trust that the interest of a beneficiary in the income or in the principal or in both may not be voluntarily or involuntarily transferred before payment or delivery of the interest to the beneficiary by the Trustee." Id.

6

In fact, the trustee in Moore argued that§ 541(c)(2) only excluded spendthrift trusts from the bankruptcy estate.**3** See id. Both courts rejected that reading of § 541(c)(2) in favor of the literal reading of the statute, which is broader. In light of the above precedents, the Appellants' argument must fail.

Appellants' other arguments also are not persuasive. They argue that even before her mother's death, Heep's interests in the trusts were legal, not beneficial, and the district court erred in finding them to be beneficial interests. Since § 541(c)(2) only covers beneficial interests, they argue that Heep's interests were never covered. That argument fails for several reasons. First, in three of the trusts, Heep was an income beneficiary who did not become entitled to the corpus until Henderson's death. Income interests are beneficial, not legal interests. See BLACK'S LAW DICTIONARY 156 (6th ed. 1990) (defining beneficial interests). Thus, at the time that the case commenced, and at the time that the district court heard the Appellants' appeal from the bankruptcy court, the interests were beneficial. Her interest in the other trust (Houston Trust I) was also beneficial because the legal title was not given to her but to the trustee, who distributed the income to Henderson and the principal to Henderson's issue (including Heep). Thus, the district court did not err in finding that the interests were beneficial.

Finally, Henderson's death does not entitle the Appellants to Heep's interests. Under § 541(a)(1), the only interests includable are those owned or controlled by the debtor "as of the commencement of the case." Id. The bankruptcy code also permits trustees to recover any interests acquired by the debtor within 180 days of the filing of the bankruptcy petition if that interest would have been considered property of the estate if owned by the debtor at the time of filing. See 11 U.S.C. § 541(a)(5) (1994). In addition, according to § 541(c)(1)(A), property upon which restrictions of transfer have been placed may become property of the estate, "except as provided in

_____

**3** At the time, many circuits viewed § 541(c)(2) as applying only to state spendthrift trust law. See, e.g., In re Daniel, 771 F.2d 1352, 1360 (9th Cir. 1985); In re Lichstrahl, 750 F.2d 1488, 1490 (11th Cir. 1985); In re Graham, 726 F.2d 1268, 1271 (8th Cir. 1984); Matter of Goff, 706 F.2d 574, 587 (5th Cir. 1983).

paragraph (2) of this subsection" -- i.e. , § 541(c)(2). Therefore, Congress intended that property falling within the ambit of § 541(c)(2) remains excluded from the bankruptcy estate.

Moreover, the property would not be includable even if subsection (c)(2) were not excluded from subsection (c)(1). Since the trust property was not includable at the commencement of the bankruptcy, it could only be included if the contingencies had occurred within the 180 day window provided in § 541(a)(5). See In re Moody, 837 F.2d 719, 722-23 (5th Cir. 1988) (holding that interests subject to spendthrift trusts are not recoverable under § 541(a)(5) unless the debtor receives his interest within the 180 day period); In re Baydush, 171 B.R. 953, 958-59 (E.D. Va. 1994). Here, Heep filed her bankruptcy petition on September 8, 1994. Thus, the trust property would have been includable until March 7, 1995. However, at that time, Heep still had a contingent interest subject to the spendthrift clauses. Her interests did not vest until shortly before oral argument before us in 1998. Therefore, Heep's interests are not includable in her bankruptcy estate.

CONCLUSION

In conclusion, we affirm the district court's ruling that under 11 U.S.C. § 541(c)(2), Hatsy Heep's contingent interests are not included in her estate for the purposes of her bankruptcy petition. Our decision comports with Supreme Court and circuit precedent. Moreover, as Heep's interest in each of the trusts remained contingent well beyond the 180 day recovery period granted to the trustee under 11 U.S.C. § 541(a)(5), the income distributions now due her also are not a part of the bankruptcy estate.

AFFIRMED

8