In re David B. KATUSKY, Debtor.

Michael J. Iannacone, Trustee,
Plaintiff,

v.

David B. Katusky, Defendant.

Bankruptcy No. 05–31927.
Adversary No. 07–3003.

United States Bankruptcy Court,
D. Minnesota.

Aug. 6, 2007.

Michael J. Iannacone, Iannacone Law Office, pro se.

Craig W. Andresen, Craig W. Andresen Law Office, William Peterson, Peterson Law Office PA, Bloomington, MN, for Defendant.

## ORDER FOR JUDGMENT

DENNIS D. O'BRIEN, Bankruptcy Judge.

The above entitled matter came before the Court for trial on June 25, 2007. Appearances are noted on the record. The parties elected to treat the matter as appropriate for summary judgment and filed briefs in lieu of presenting testimony. Based upon the pleadings, files, and arguments of counsel, the Court now makes this **ORDER** pursuant to the Federal and Local Rules of Bankruptcy Procedure.

## I

The plaintiff trustee brings this action seeking judgment that the debtor's interest in his deceased mother's trust is property of the bankruptcy estate, under 11 U.S.C. § 541(a)(5). The Court finds that the debtor's interest in the trust is not a testamentary one, but is an interest created by an inter vivos instrument, and concludes that 11 U.S.C. § 541(a)(5) does not apply. The Court further finds that, but for the trust's spendthrift provision, the debtor's interest in the trust would have become property of the estate under 11 U.S.C. § 541(a)(1) at filing of the case. Because the debtor's interest in the trust is limited by the spendthrift provision, the Court concludes that the debtor's interest in the trust is excluded from the estate under 11 U.S.C. § 541(c)(2), and, therefore, the estate has no interest in the trust or in proceeds received by the debtor from the trust. Judgment is ordered for the defendant.

## II

David Katusky's mother, Priscilla R. Katusky, created the Priscilla R. Katusky Trust on August 21, 2001. The Trust provides that upon Priscilla Katusky's death, the "trustee shall distribute all the trust assets not effectively distributed by the preceding provisions of this agreement ... in equal shares to my children named below." David Katusky is one of the beneficiaries under the trust.

Article 5.3.4 of the Trust is a spendthrift clause. It reads:

Spendthrift Provisions. Neither principle or income of any trust nor any beneficiary's interest therein shall be subject to alienation, assignment, encumbrance, appointment or anticipation by the beneficiary, to garnishment, attachment, execution or bankruptcy proceedings, to claims for alimony, support, maintenance, or payment of other obligations by any person against the beneficiary, or to any other transfer, voluntary or involuntary, by or from any beneficiary.

Several days earlier, on August 15, 2001, Ms. Katusky executed a will. Article Three of the will provided that the residue of her estate would be distributed:

3.1 To the trustees of the Priscilla R. Katusky Trust, as amended and existing at my death, to be added to, administered and distributed as part of the remaining assets of that trust. . . .

The debtor defendant filed a voluntary chapter 7 petition on March 29, 2005.[1] Priscilla R. Katusky died on June 10, 2005. Upon her death, another son, Charles Katusky, apparently became the trustee of the Priscilla R. Katusky Trust.[2]

## III

■ The plaintiff trustee argues that the defendant debtor received an interest in property upon his mother's death on June 10, 2005, that passed to him by her will. The interest, he claims, is property of the bankruptcy estate under 11 U.S.C. § 541(a)(5)(A), which provides:

(a) The commencement of a case under § 301, 302 or 303 of this Title cre-

ates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held: . . .

(5) any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise or inheritance.

But, the debtor did not receive a testamentary bequest, devise or inheritance from his mother, although the Priscilla R. Katusky Trust did. The debtor's interest in the trust, contingent at filing of the bankruptcy case, matured upon her death through the bequest to the trust. The debtor's interest at all times was as beneficiary of the inter vivos trust.

Postpetition transfers received through inter vivos trusts are not within the scope of 11 U.S.C. § 541(a)(5)(A). *In re Roth,* 289 B.R. 161 (Bankr.D.Kan.2003). The plaintiff cites several cases to support his contrary assertion. See: *In re Avis,* 178 F.3d 718 (4th Cir.1999); *Matter of Moody,* 837 F.2d 719, 723 (5th Cir.1988); and, *In re Detlefsen,* 610 F.2d 512 (8th Cir.1979); *In re Kragness,* 58 B.R. 939 (Bankr.D.Or. 1986). But, these cases, except possibly *Moody,* all involved testamentary transfers. The transfer in Avis was the exercise of a power of appointment in her will by the debtor's mother, naming the debtor as a beneficiary in a trust created under an earlier will by the debtor's father. The debtor's mother died postpetition within

---

1. This case is governed by the law as it existed prior to the 2005 Bankruptcy Reform Act.

2. Article 3 of the trust, Priscilla R. Katusky named herself as trustee during her lifetime

and her son Charles as the sole trustee upon her death. But, if Charles be unable or unwilling to serve, then Wells Fargo would become the trustee.

180 days. The transfer in *Detlefsen* was through a testamentary trust created by the will of the debtor's father with the distribution to the debtor upon the death of his mother, who died shortly after the bankruptcy filing. And, the trusts involved in *Kragness* were two testamentary trusts created under the wills of relatives of the debtor. *Moody* does not disclose whether the trust involved was testamentary or inter vivos. But, if inter vivos, the case was wrongly decided under 11 U.S.C. § 541(a)(5)(A). See: *In re Neuton*, 922 F.2d 1379, 1382–1383 (9th Cir.1990).

 The defendant debtor had a contingent interest in the Priscilla R. Katusky Trust at filing of the bankruptcy case. Contingent interests are interests in property within the scope of 11 U.S.C. § 541(a)(1). *In re Neuton*, supra. Therefore, unless otherwise excluded by another provision of the Bankruptcy Code, a contingent beneficial interest in an inter vivos trust becomes property of a debtor's estate. *Id.* Here, the debtor's contingent interest in the Priscilla R. Katusky Trust at filing of his bankruptcy case was excluded from the estate under 11 U.S.C. § 541(c)(2), which provides:

> A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

The plaintiff does not dispute that the spendthrift provision in the Priscilla R. Katusky Trust is enforceable under Minnesota law.

### IV

Based on the foregoing discussion, the defendant is entitled to judgment that the estate has no interest in the Priscilla R.

Katusky Trust or proceeds received by the debtor postpetition from the trust. It is so **ORDERED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**